145 So.2d 256 (1962)
BERLANTI CONSTRUCTION CO., Inc., Petitioner,
v.
REPUBLIC OF CUBA, Respondent.
BERLANTI CONSTRUCTION CO., Inc., Appellant,
v.
REPUBLIC OF CUBA, Appellee (Two Cases).
Nos. 62-124 to 62-126.
District Court of Appeal of Florida. Third District.
October 9, 1962.
*257 Stone & Bittel and Richard L. Lapidus, Miami, for appellant.
Sam Daniels, Carr & Warren, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
These cases were consolidated for purposes of oral argument since all sought review of the same order. By order of this court, the briefs filed in cases #62-124 and #62-125 have been considered as briefs in case #62-126, and the appendix filed in case #62-124 has been considered as the certified transcript of record applicable to all three cases.
Appellant, plaintiff below, seeks review of an order vacating a final quasi in rem judgment entered in its behalf, permanently staying execution thereon, and quashing levy on certain of appellee's property.
Appellant brought suit seeking a personal judgment against the appellee but was unable to effect personal service. Appellee's goods were attached and a final judgment was entered in favor of the appellant pursuant to such jurisdiction as the attachment conferred upon the court. Appellee did not appear to contest the case. Some five months later, at a time when the goods originally attached were no longer under attachment[1], the appellant sought to levy on goods of the appellee which had not been attached at the commencement of the action. At this juncture, the appellee entered the action for the first time by filing a special appearance to contest jurisdiction, and in conjunction therewith, motions to (a) postpone the sale under the levy of execution[2]; (b) vacate an order granting shortened time for sale; and (c) stay execution, quash levy and vacate judgment[3]. After *258 hearing, the court entered the order appealed, having found that it had never acquired personal jurisdiction of the appellee and that the property originally attached was no longer under its jurisdiction and control.
Jurisdiction to enter a binding judgment in an action in rem is incidental to and dependent upon the court's having jurisdiction and control over the res or property involved at the commencement of the action[4], and any such judgment may only be satisfied by execution on such property[5]. It has no binding effect on persons without the territorial jurisdiction of the court who have not been brought within its jurisdiction by personal or constructive service or a voluntary general appearance[6]. Nor does it affect any property, whether without or within the territorial jurisdiction of the court, other than that property brought within the court's jurisdiction by a valid attachment or seizure at or before the commencement of the action[7]. If the court has control of the res at the commencement of the action, a subsequent accidental, fraudulent or improper removal of the res from its control may render its judgment hollow, and as a practical matter, unenforceable, but it will not destroy jurisdiction or the validity of the judgment[8].
Applying the principles enunciated above to the case at bar, we hold that the trial court erred in vacating the appellant's judgment and permanently staying execution thereon. However, it did not err in quashing levy on the property in question. The trial court had jurisdiction to enter the judgment, since at the commencement of the action the res in question was under valid attachment. The fact that subsequent events placed the res beyond the court's control did not destroy jurisdiction or the validity of the judgment. Further, the appellant may still have execution on its judgment by levying on the property originally under attachment should it in the future again come within the territorial jurisdiction of the court. However, appellant may not seek execution by levy on any other property of the defendant.
We have considered the appellant's contention that the appellee has made what amounts to a general appearance in this action and find it to be without merit. The appellee asked nothing of the court except that it determine whether or not it had jurisdiction under the law.[9]
Accordingly, the order appealed is reversed insofar as it vacated the appellant's judgment and permanently stayed execution thereon, and affirmed insofar as it quashes levy on the property in question.
Affirmed in part and reversed in part.
NOTES
[1] The reasons for this are not clearly discernible from the record. Suffice it to say that these goods were no longer under control of the court.
[2] This motion was grounded on a pending request to the U.S. State Department for recognition of sovereign immunity from levy or execution.
[3] These latter two motions were grounded on lack of jurisdiction and the appellant's alleged failure to show conditions prerequisite to a shortened sale under § 55.44, Fla. Stat., F.S.A.
[4] Cooper v. Reynolds' Lessee, 10 Wall. 308, 19 L.Ed. 931 (1870); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); Pennington v. Fourth National Bank, 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713 (1917); National Malleable & Steel Castings Co. v. Goodlet, 195 F.2d 8 (7th Cir.1952).
[5] Cooper v. Reynolds' Lessee, supra; Pennoyer v. Neff, supra; Pennington v. Fourth National Bank, supra; Harris & Co. Advertising, Inc. v. Republic of Cuba, Fla.App. 1961, 127 So.2d 687.
[6] Cooper v. Reynolds' Lessee, supra; Pennoyer v. Neff, supra; Harris & Co. Advertising, Inc. v. Republic of Cuba, supra.
[7] Cooper v. Reynolds' Lessee, supra; The Rio Grande v. Otis, 23 Wall. 458, 23 L.Ed. 158 (1875); Pennington v. Fourth National Bank, supra; Harris & Co. Advertising, Inc. v. Republic of Cuba, supra; Restatement of Judgments, § 34(a), (1942).
[8] The Rio Grande v. Otis, supra; see Freeman on Judgments, 5th ed., § 1530 (1925).
[9] See Hulsey v. Commercial Investment Trust, Inc., 103 Fla. 609, 138 So. 766; Rorick v. Stilwell, 101 Fla. 4, 133 So. 609.