573 P.2d 209
STATE of New Mexico,
Plaintiff-Appellee,

v.

Henry Frank OZAREK, father and next
of kin of Mark Ozarek, Deceased,
Defendant-Appellant.

No. 11415.

Supreme Court of New Mexico.

Jan. 3, 1978.

David A. Lane, Silver City, for defendant-appellant.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

Mark Ozarek, the appellant, agreed to repair Barney Sawyer's vehicle. Ozarek was unable to complete the repairs within the promised time and lent his personal car, a 1974 Chevrolet Malibu, to Sawyer. While driving the 1974 Chevrolet, Sawyer was arrested for possession of a controlled substance. The State filed a petition seeking forfeiture of the vehicle pursuant to §§ 54–11–33 and 54–11–34, N.M.S.A. 1953 (Supp.1975). Ozarek appeals from a judgment forfeiting the car. We reverse.

The question on appeal is whether the appellant met his burden of establishing that the offense committed was without his knowledge or consent. If so, did the State rebut the appellant's showing.

Section 54–11–33 provides that vehicles used, or intended for use, to transport controlled substances are subject to forfeiture. Subsection G of that section however provides:

(2) no conveyance is subject to forfeiture under this section by reason of any act or omission *established by the owner* to have been committed or omitted without his knowledge or consent; (emphasis added).

Forfeitures are not favored at law and statutes are to be construed strictly against forfeiture. *State v. Sunset Ditch Co.*, 48 N.M. 17, 145 P.2d 219 (1944). The

forfeiture provisions of the Controlled Substances Act are penal in nature. *Matter of One Cessna Aircraft, etc.*, 90 N.M. 40, 559 P.2d 417 (1977). "[A] forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against law." *Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965).

We hold that the burden imposed on the owner is the burden of going forward and not the burden of persuasion. The appellant met this burden by testifying at the hearing that he neither consented to nor had any knowledge that his automobile would be used to transport controlled substances. Appellant's testimony is similar to the affidavit the owner submitted in the case of *Garner v. State*, 121 Ga.App. 747, 175 S.E.2d 133 (1970). In that case, the owner's son was operating the car. The court ruled that the affidavit established a prima facie case that the owner had no knowledge that his automobile was used to transport narcotics and that the owner was entitled to a summary judgment. In the case of *State v. One (1) Certain 1969 Ford Van*, 191 N.W.2d 662 (1971), the Iowa Supreme Court held that a bare denial of knowledge by the owner's agent was sufficient to rebut the presumption that the owner of a vehicle had knowledge and consented to the use of the vehicle for the unlawful purpose. *See also 1957 Chevrolet v. Division of Narcotic Control*, 27 Ill.2d 429, 189 N.E.2d 347 (1963); *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970).

The owner need only assert that the vehicle was used without his knowledge and consent to shift the burden to the State. Ozarek met this burden. But we find no testimony in the record that would establish that Ozarek had any knowledge that Sawyer intended to use his car to transport controlled substances.

We therefore reverse the decision of the trial court and remand the case with an instruction for the trial court to enter judgment in favor of Ozarek.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.