**UNITED STATES of America, Plaintiff-Appellee,**

v.

**$57,480.05 UNITED STATES CURRENCY and OTHER COINS and $10,575.00 United States Currency, Defendants-Appellants.**

**Vincent Anthony Gulino, Claimant.**

**CA No. 80–5902.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1983.

Decided Jan. 3, 1984.

Philip Deitch, Los Angeles, Cal., for defendant-appellant and claimant.

Shari K. Silver, Los Angeles, Cal., for plaintiff-appellee.

Before SCHROEDER and CANBY, Circuit Judges and HOFFMAN *, District Judge.

CANBY, Circuit Judge:

The United States brought this action for forfeiture of monies intended to be used to buy controlled substances. 21 U.S.C. § 881 (1976 & Supp. V 1981). The district court granted summary judgment for the Government. Claimant Gulino appeals, raising seven issues. We are unable to address the merits of the appeal, however, for we must dismiss for lack of jurisdiction.

After the judgment of forfeiture was entered on September 15, 1980, the Marshal executed the judgment by delivering the funds to the United States Attorney, who caused them ultimately to be paid into the United States Treasury. Gulino never sought to stay execution of the judgment.

In conducting this forfeiture proceeding, the district court was exercising *in rem* jurisdiction and the currency was the *res.* The power of the court derived entirely from its control over the defendant *res.* See *Pennington v. Fourth National Bank,* 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713 (1917); *Yokohama Specie Bank v. Wang,* 113 F.2d 329 (9th Cir.), *cert. denied,* 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed. 446 (1940). Release or removal of the *res* from the control of the court ended the jurisdiction of the court, in accordance with the general rule. *Alyeska Pipeline Service Co. v. Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983); *American Bank of Wage Claims v. Registry of the District Court of Guam,* 431 F.2d 1215, 1218 (9th Cir.1970). The only exception to the rule occurs when the *res* is released accidentally, fraudulently, or improperly. *American Bank,* 431 F.2d at

* The Honorable Walter E. Hoffman, Senior United States District Judge, for the District of Eastern Virginia, sitting by designation.

1219. *Cf. The Rio Grande,* 90 U.S. (23 Wall.) 458, 23 L.Ed. 158 (1874). There is no contention that the exception applies here.

■ The destruction of the district court's jurisdiction puts an end to ours as well. Were we to reverse the judgment of the district court, there would be no *res* upon which our mandate could operate. *American Bank,* 431 F.2d at 1218. It was incumbent upon Gulino to obtain a stay of the district court's judgment if he desired to preserve jurisdiction for an appeal. This he failed to do.

■ It is true, as Gulino contends, that the *res* while in control of the district court was deposited in a bank, so that jurisdiction did not depend upon control over specific bits of currency. The bank credit of fungible dollars constituted an appropriate substitute for the original *res. See American Bank,* 431 F.2d at 1218 & n. 2. It does not follow, however, that once the substitute funds are disbursed pursuant to the judgment of the court, the court retains power to re-create the *res* if the judgment is reversed. The rule is quite the contrary. *Id.* at 1218–19.

■ The impediments to a revival of jurisdiction are even greater here than in most *in rem* cases where the judgment has been executed. The funds in issue here have been paid into the Treasury. A judgment for Gulino would require an impermissible payment of public funds not appropriated by Congress. *See United States v. MacCollom,* 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976) (plurality opinion); *United States v. United States Fidelity and Guaranty Co.,* 309 U.S. 506, 512–13, 60 S.Ct. 653, 656–57, 84 L.Ed. 894 (1940). Enforcing a constructive trust on the Government would violate sovereign immunity in the absence of statutes or regulations clearly establishing fiduciary obligations. *See United States v. Mitchell,* —— U.S. ——, 103 S.Ct. 2961, 2972–73, 77 L.Ed.2d 580 (1983). As a consequence, neither this court nor the district court has the power to grant the relief that Gulino seeks on this appeal.

The appeal is DISMISSED for want of jurisdiction.