UNITED STATES of America, Plaintiff-Appellee,

v.

U.S. CURRENCY IN THE AMOUNT OF $110,000.00, Defendant.

Jo Ann Oberlin, Applicant for Intervention-Appellant.

No. 83–6111.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 1984.

Decided April 2, 1984.

Jo Ann Oberlin, pro se.

D. Michael Waltz, San Diego, Cal., for plaintiff-appellee.

Before WALLACE, and ALARCON, Circuit Judges, and MARQUEZ*, District Judge.

ALARCON, Circuit Judge:

Jo Ann Oberlin appeals from the denial of her motion to intervene in an action brought by the government seeking forfeiture of $110,000.00 in currency held by her husband, Marcel R. Oberlin, on or before February 19, 1982 with the intent to facilitate a violation of Subchapter I, Chapter 13 of Title 21, United States Code. The complaint in the forfeiture action was filed on May 17, 1982. Marcel R. Oberlin was personally served with a copy of the complaint and the warrant on June 4, 1982.

On May 20, 1982, the district court appointed the Drug Enforcement Administration as substitute custodian of the currency ordered seized pursuant to the warrant of arrest in rem, in order to avoid transfer of the currency then in its possession to the custody of the United States Marshal.

The warrant of arrest in rem was issued on May 21, 1982. On May 27, 1982, the United States Marshal personally served the property seizure assistant of the Drug Enforcement Administration with a copy of the warrant for arrest in rem.

On July 21, 1982, an order was issued pursuant to a stipulation entered between the government and attorney Gregory W. Schmid, acting on behalf of Jo Ann Oberlin and her husband Marcel R. Oberlin, granting Jo Ann and Marcel R. Oberlin "an open-ended extension of time to respond to the subject complaint" in the forfeiture proceeding until after the resolution of the criminal proceedings involving Jo Ann and Marcel R. Oberlin.

After the resolution of the criminal case, Mr. Schmid agreed that Jo Ann Oberlin would respond or otherwise plead on or before December 14, 1982. (Marcel Oberlin committed suicide on October 18, 1982). This date was extended to December 27, 1982 by agreement of counsel. It was further agreed that if a response was not filed by December 27, 1982, the government would seek entry of a default judgment.

On December 28, 1982, Mr. Schmid advised the United States Attorney that Jo Ann Oberlin had elected not to respond or otherwise file an appearance in this case. A default judgment was entered on January 12, 1983 which ordered that the defendant currency be forfeited and returned to the Drug Enforcement Administration. A copy of the default judgment was personally served on the seizure clerk of the Drug Enforcement Administration on February 1, 1983. The Marshal's return of service noted that the currency was already in the possession of the Drug Enforcement Administration pursuant to the district court's order appointing that agency substitute custodian.

On June 14, 1983, Jo Ann Oberlin, acting in propria persona, filed an application for intervention as an indispensable party. An order denying her application was entered on August 5, 1983.

Jo Ann Oberlin seeks reversal of the denial of her application for intervention on the ground that the district court lacked jurisdiction to enter a default judgment because she was not joined as an indispensable party and was incompetently represented by counsel. We have no jurisdiction to review the merits of these contentions.

In *United States v. $57,480.05 U.S. Currency and other Coins*, 722 F.2d 1457 at 1459 (9th Cir.1984), we held that this court has no jurisdiction to address the merits of an appeal in a forfeiture proceeding after the *res* has been removed from the control of the court. Once the judgment in a forfeiture proceeding has been executed the jurisdiction of the court ends. Here, the defendant currency was formally released to the Drug Enforcement Administration on February 1, 1983.

The appeal is dismissed for want of jurisdiction over the *res*.

---

* Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation.