UNITED STATES of America, Plaintiff-Appellee,

v.

$2,490.00 IN U.S. CURRENCY, 2,610,000.00 in Mexican Pesos, Defendant,

and

Walker B. Monroe, Claimant-Appellant.

No. 86–6651.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 1987 [*]

Decided Aug. 27, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John A. Houston, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Janet Sherman, Santa Monica, Cal., for claimant-appellant.

Before BROWNING, ALARCON and THOMPSON, Circuit Judges.

## PER CURIAM:

The United States filed a complaint for forfeiture under 21 U.S.C. § 881 (1982 & Supp. III 1985) against Walter Monroe (Monroe) following his attempt to transport Mexican pesos from the United States to Mexico. The district court subsequently granted the government's motion for summary judgment from which Monroe timely appeals. We dismiss the appeal for lack of subject matter jurisdiction on the ground that the res—the currency—is no longer within the control of the court because the forfeiture judgment has been executed and the currency is in the United States Treasury.

Because forfeiture proceedings are in rem, the court's subject matter jurisdiction is dependent on its continuing control over the property. *United States v. 66 Pieces of Jade and Gold Jewelry*, 760 F.2d 970, 973 (9th Cir.1985); *United States v. $57,480.05 United States Currency and Other Coins*, 722 F.2d 1457, 1458 (9th Cir. 1984). The release or removal of the res from the control of the court will terminate jurisdiction, unless the res is released accidentally, fraudulently, or improperly. *United States v. $57,480.05*, 722 F.2d at 1458. Furthermore, once the property is released from the court's control, the court is powerless to effectuate a remedy because it lacks personal jurisdiction to order the persons holding the property to return it. *66 Pieces of Jade*, 760 F.2d at 973; *United States v. $57,480.05*, 722 F.2d at 1459. Although not influenced by the filing of a notice of appeal, the court's control over the res can be protected by a stay of the district court's judgment pending appeal. *See id.*

Here, Monroe filed his notice of appeal on November 14, 1986, eight days after the entry of judgment. He failed, however, to obtain a stay following the expiration of the automatic ten-day stay provided by Rule 62(a). *See* Fed.R.Civ.P. 62(a) ("[N]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of

10 days after its entry."). Thus, this court's jurisdiction to hear Monroe's appeal terminated when the forfeiture judgment was properly executed by depositing the currency into the United States Treasury. *See United States v. Currency in the Amount of $110,000.00*, 735 F.2d 326, 327 (9th Cir.1984); *United States v. $57,480.05*, 722 F.2d at 1459.

Nor can Monroe at this late date rely on his right under Fed.R.Civ.P. 62(d) to post a supersedeas bond. Rule 62(d) provides that a claimant may post a bond at or after the filing of a notice of appeal; a stay is effective when the bond is approved. Fed.R.Civ.P. 62(d). The rule, however, does not provide that the release of the res is automatically stayed for the balance of the sixty-day period for filing a notice of appeal. This interpretation would in fact be inconsistent with the ten-day stay provided by Rule 62(a). *See United States v. $79,000.00 in United States Currency*, 801 F.2d 738, 739–40 (5th Cir.1986). Therefore, because Monroe failed to post a bond and thus obtain a stay prior to the government's execution of the forfeiture judgment, his power to do so has dissolved.

The appeal is dismissed for lack of jurisdiction over the res.

DISMISSED.