766 P.2d 916

**Brian C. DEVLIN (Claimant of One 1986 Volvo, 240–GL, Turbo Charcoal Gray, Temporary Arizona License No. D63132, VIN: YV1AX8842G115623), Petitioner,**

v.

**STATE of New Mexico, ex rel. The NEW MEXICO STATE POLICE DEPARTMENT, Respondent.**

**No. 17912.**

Supreme Court of New Mexico.

Dec. 21, 1988.

Rehearing Denied Jan. 26, 1989.

Kellahin, Kellahin & Aubrey, Karen Aubrey, Santa Fe, Walter B. Nash, III, Tucson, Ariz., for petitioner.

Albert Toland Fugere, Sp. Asst. Attys. Gen., Santa Fe, for respondent.

## OPINION

WALTERS, Justice.

In a forfeiture proceeding following impoundment of petitioner's automobile and the cash and contraband found therein, the trial court ruled that the automobile was forfeited to the State. Petitioner filed his notice of appeal in a timely manner and, within the period allowed by statute, moved for a stay and supersedeas, which was granted by the district court. Meanwhile, without notice to the court or petitioner, and on the day after petitioner filed his notice of appeal, the State obtained from the New Mexico Motor Vehicle Division a New Mexico title to the vehicle issued to the Department of Public Safety.

In a memorandum opinion the court of appeals granted the State's motion to dis-miss the appeal, concluding that execution upon the judgment by the State, in having the vehicle retitled, deprived the trial court of jurisdiction to grant the stay and supersedeas, and likewise deprived the court of appeals from proceeding to hear the appeal. On that issue we reverse the court of appeals.

A forfeiture action traditionally is classified as an in rem proceeding. *United States v. 66 Pieces of Jade and Gold Jewelry*, 760 F.2d 970, 973 (9th Cir.1985). In rem jurisdiction has been asserted when the court has been able to exercise control over the defendant res. *United States v. One Lear Jet Aircraft*, 836 F.2d 1571, 1573 (11th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1988); *United States v. $79,000 in United States Currency*, 801 F.2d 738, 739 (5th Cir.1986); *Berlanti Const. Co., Inc. v. Republic of Cuba*, 145 So.2d 256, 258 (Fla.Dist.Ct.App.1962), *cert. denied*, 152 So.2d 170 (Fla.1963); *Willapa Trading Co., Inc. v. Muscanto, Inc.*, 45 Wash.App. 779, 783, 727 P.2d 687, 690 (1986). Courts have commonly held that when the res has been removed from their control, they have no jurisdiction to address the merits of the appeal in a forfeiture proceeding. *See One Lear Jet*, 836 F.2d at 1573; *United States v. $2,490.00 in United States Currency*, 825 F.2d 1419, 1420 (9th Cir.1987); *66 Pieces*, 760 F.2d at 973; *United States v. United States Currency in The Amount of $110,000.00*, 735 F.2d 326, 327 (9th Cir.1984); *see also Willapa*, 45 Wash.App. at 783, 727 P.2d at 690. There is authority which suggests, however, that a court loses control over the res and thus jurisdiction to hear an appeal only when the res is removed from the territorial jurisdiction of the court. *See One Lear Jet*, 836 F.2d at 1573.

 Ordinarily, it is incumbent upon the defendant to obtain stay of execution of the trial court's judgment to prevent removal of the res from the control of the court and so to preserve jurisdiction for appeal. *$79,000 in United States Currency*, 801 F.2d at 739; *66 Pieces*, 760 F.2d at 973; *United States v. $57,480.05 in United*

*States Currency*, 722 F.2d 1457, 1459 (9th Cir.1984). If, however, the res has been released accidentally, fraudulently, or improperly from the control of the court, that kind of removal does not divest the court of in rem jurisdiction. *$2,490.00 in United States Currency*, 825 F.2d at 1420; *United States v. Wingfield*, 822 F.2d 1466, 1471 (10th Cir.1987), *cert. dismissed, Boulder County Colorado v. United States*, — U.S. —, 108 S.Ct. 1762, 100 L.Ed.2d 222 (1988); *$79,000 in United States Currency*, 801 F.2d at 739; *$57,480.05 in United States Currency*, 722 F.2d at 1458; *Berlanti*, 145 So.2d at 258. Several federal appellate courts recently have refused to accept divestiture of in rem jurisdiction simply because the res has been removed from the jurisdiction of the court. They have declared, instead, that in personam jurisdiction may exist concurrently with in rem jurisdiction, and they have asserted jurisdiction in forfeiture actions over parties who have appeared, regardless of the location of the res. *See, e.g., Wingfield*, 822 F.2d at 1471; *Trans–Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 804 F.2d 773, 779 (1st Cir.1986); *Farwest Steel Corp. v. Barge Sea–Span 241*, 769 F.2d 620, 622 (9th Cir. 1985), *cert. denied*, — U.S. —, 108 S.Ct. 1594, 99 L.Ed.2d 909 (1988); *United States v. An Article of Drug Consisting of 4,680 Pails*, 725 F.2d 976, 984 (5th Cir.1984). *But see One Lear Jet*, 836 F.2d at 1576–77. The rationale of those decisions rests on the proposition that reliance upon the location of the res within the court's forum to confer jurisdiction is merely a long-standing fiction employed by courts to exercise jurisdiction over an absent defendant, and the same fiction is not necessary when there is no absent party; nor should it be utilized in an inverse manner, when only the res has been removed, to defeat jurisdiction over the party connected with the removed res who has personally appeared before the court. *See, e.g., Trans–Asiatic Oil*, 804 F.2d at 779.

■ Forfeitures are not favored at law in New Mexico, and "statutes are to be construed strictly against forfeiture." *State v. Ozarek*, 91 N.M. 275, 573 P.2d 209

(1978). We have several procedural and statutory means for protecting against precipitate action after judgment by a prevailing party or a hasty decision by the fact finder. SCRA 1986, 1–062 (Rule 62) does not contemplate self-help executions on judgments. NMSA 1978, Section 39–1–1, provides that motions against a final judgment may be filed in the district court within thirty days after the judgment, during which period the judgment remains under the control of the district court. *See Nichols v. Nichols*, 98 N.M. 322, 326, 648 P.2d 780, 784 (1982). Once a motion against the judgment has been filed, the trial court then has an additional thirty days to rule on the motion, *id.;* NMSA 1978, § 39–1–1, thus creating a potential sixty-day hiatus between entry and finality of judgment for purposes of execution. Likewise, NMSA 1978, Section 39–3–22(A), providing for supersedeas after filing notice of appeal, allows for sixty days after judgment during which the losing party may seek and obtain a supersedeas bond and a stay of execution on the judgment. Although a notice of appeal ordinarily divests the trial court of jurisdiction to take any further action in the matter, *State v. Clemons*, 83 N.M. 674, 496 P.2d 167 (Ct. App.1972), a clear exception exists by reason of the language of Section 39–3–22 and Rule 62 which permits the *district court* to grant a stay to the "appellant," to fix the amount of the supersedeas bond, and to approve an additional thirty-day extension beyond the initial sixty-day limitation within which appellant may be permitted to file the bond. Patently, when the district court is allowed by rule and statute to act upon the motion of a party who has now become an appellant for a stay of execution, the general rule divesting that court of jurisdiction upon notice of appeal is inapplicable. A rush to execution on the judgment should not be permitted to nullify the stay procedures nor to destroy the court's jurisdiction, either.

■ Here, the district court rendered final judgment on February 26, 1988; notice of appeal was filed on March 23, and the petitioner filed for a stay of the judgment

and for a supersedeas bond on March 30, one week later, well within the time limit of Section 39–3–22(A). The court then approved a supersedeas bond and stayed the judgment on April 13, 1988, and petitioner posted bond, all of which was also well within the prescribed sixty-day statutory period. The State's attempted execution on the judgment on March 24, twenty-eight days after judgment and one day after appeal, technically accomplished transfer of the res by retitling, but totally ignored petitioner's statutory appellate protections.

We must conclude that the retitling of the vehicle was an improper attempt by the State to remove the res from the control of the trial court, and thus that action could not divest the court of its in rem jurisdiction over the case. The statutes relied on by the State, NMSA 1978, Sections 30–31–34 and –35, provide no authority for such summary "removal" of the res from the jurisdiction of the trial and appellate courts. Construing Section 39–3–22 according to its plain language, it is apparent that it provides a sixty-day period after judgment within which an appellant may perfect a stay and supersede the judgment. Such a procedural scramble as occurred in this case is clearly obviated by Section 39–3–22(A). The prevailing party at trial may not circumvent prohibitions against summarily executing upon his judgment until the time for permitting the trial court to act upon motions for obtaining supersedeas has expired, else the statutory provisions for stay and supersedeas are meaningless.

We hold, consequently, that the district court was not divested of its jurisdiction by the State's disdainful disregard of petitioner's post-judgment protections; that the trial court therefore did have jurisdiction to enter the stay; and that the court of appeals likewise had jurisdiction to hear the appeal. Accordingly, we remand the matter to the court of appeals with direction to address the merits of this case.

IT IS SO ORDERED.

SOSA, Senior Justice and RANSOM, J., concur.

SCARBOROUGH, C.J., and STOWERS, J., dissent.

STOWERS, Justice (Dissenting).

I disagree with the majority opinion's conclusion that "the retitling of the vehicle was an improper attempt by the State to remove the res from the control of the trial court." The law clearly indicates that the execution on the judgment and removal of the res from the control of the court is not improper.

In conducting this forfeiture proceeding, the district court exercised in rem jurisdiction and the 1986 Volvo automobile was the res. *See United States v. One Lear Jet Aircraft,* 836 F.2d 1571, 1576–77 (11th Cir. 1988). The power of the court derived entirely from its control over the res. Release or removal of the res from the control of the court ended the jurisdiction of the court, in accordance with this general rule. *See United States v. $57,480.05 United States Currency and Other Coins,* 772 F.2d 1457, 1458 (9th Cir.1984); *American Bank of Wage Claims v. Registry of the District Court of Guam,* 431 F.2d 1215, 1219 (9th Cir.1970). The only exception to this rule occurs when the res is released accidently, fraudulently or improperly. *United States v. $2,490.00 in United States Currency,* 825 F.2d 1419, 1420 (9th Cir.1987); *United States v. $79,000 in United States Currency,* 801 F.2d 738, 739 (5th Cir.1986). The release of the res without informing the claimant about the execution on the judgment does not render the release improper. *See $2,490 in United States Currency,* 825 F.2d at 1420; *$79,000 in United States Currency,* 801 F.2d at 740; *$57,480.05 United States Currency and Other Coins,* 722 F.2d at 1458. Thus, *the state's action in the present case in retitling the vehicle should not be characterized as improper.* Nor does the failure to notify Devlin of the execution on the judgment render the release improper. *See $79,000 in United States Currency,* 801 F.2d at 740. There is no requirement of notification.

Instead, it was incumbent upon Devlin, the claimant, to timely obtain a stay of the district court's judgment to preserve juris-

diction for an appeal. *See $57,480.05 United States Currency and Other Coins*, 722 F.2d at 1458. This he failed to do. The state's action in executing on the judgment removed the subject matter of the lawsuit from the control of the district court. That action destroyed the district court's jurisdiction and ended any appellate jurisdiction. As a consequence neither this court nor the district court has the power to grant the relief that the claimant seeks.

Those cases cited in the majority opinion for the proposition that in personam jurisdiction may exist concurrently with in rem jurisdiction in forfeiture actions rely for in personam jurisdiction on either a statute, *United States v. Wingfield*, 822 F.2d 1466 (10th Cir.1987), or consent by a party, *Trans–Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 804 F.2d 773 (1st Cir.1986); *Farwest Steel Corp. v. Barge Sea–Span 241*, 769 F.2d 620 (9th Cir.1985), or a substitute basis for the lawsuit, *United States v. An Article of Drug Consisting of 4,680 Pails*, 725 F.2d 976 (5th Cir.1984). In *Wingfield*, the court of appeals averred that Section 7426 of the Internal Revenue Code, granted the federal district court jurisdiction to order the Government to return the seized property or its equivalent, *i.e.*, a money judgment. And the court concluded that because the district court had the power to order restitution by payment of an equivalent value, jurisdiction of the court had not been destroyed by release of the property to the Government. *Wingfield*, 822 F.2d at 1471–72. Likewise, in *An Article of Drug Consisting of 4,680 Pails*, the court concluded that jurisdiction existed because the action was really one for declaratory judgment.

> While, in form the relief requested by the United States is the forfeiture and destruction of a specifically identified lot of Neo–Terra Powder, the action, in substance, seeks much more. The substantive character of the remedy sought in this case is not forfeiture and destruction of a specific lot of Neo–Terra Powder, but a declaration that Neo–Terra Powder is or is not a new animal drug.

*An Article of Drug Consisting of 4,680 Pails*, 725 F.2d at 984. To hold in forfei-

ture cases that in personam jurisdiction may co-exist with in rem jurisdiction is contrary to the traditional analysis of in rem jurisdiction. *See One Lear Jet Aircraft*, 836 F.2d at 1576–77.

Finally, the effect of the majority opinion is to grant a claimant a minimum sixty-day automatic stay of execution pending perfection of an appeal. This does not comport with the language in Rule 62, SCRA 1986, 1–062, or with that in Section 39-3-22, NMSA 1978, of our statutes. Instead, it deprives a party of the right to execute on the judgment for that period of time without providing that party any protection from the dissipation or destruction of the asset.

The appeal was properly dismissed by the court of appeals for lack of jurisdiction over the res.

SCARBOROUGH, C.J., concurs.