812 P.2d 1047

**In the Matter of ONE HUNDRED THIRTEEN THOUSAND EIGHT HUNDRED EIGHTY–EIGHT DOLLARS ($113,888.00) UNITED STATES CURRENCY.**

**Frank RENDE, Plaintiff–Appellant,**

**v.**

**STATE of Arizona, Defendant–Appellee.**

No. 1 CA–CV 89–366.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 4, 1990.

Reconsideration Denied Feb. 8, 1991.

Review Denied June 24, 1991.*

* Cameron, J., of the Supreme Court, voted to grant review.

**230**

William J. Redondo, Tucson, for plaintiff-appellant.

Roderick G. McDougall, Phoenix City Atty. by Ann M. Garriott, Asst. City Prosecutor, Phoenix, for defendant-appellee.

## OPINION

GRANT, Chief Judge.

Frank Rende appeals from a judgment entered pursuant to A.R.S. §§ 13–4309(4), 13–4314 and 13–4315, forfeiting $113,888.00 in United States currency to the State of Arizona. While the appeal was pending, appellee State of Arizona filed a motion to dismiss the appeal for lack of jurisdiction. On October 5, 1989, another department of this court denied the motion to dismiss without prejudice and postponed a final ruling on it until consideration of the appeal on the merits. After considering the record, the briefs, and oral arguments of counsel, we now grant the motion and dismiss the appeal for lack of subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

The Phoenix Police Department found the currency in question at Sky Harbor International Airport on January 23, 1989, in a travel bag which appellant, using a false name, had brought with him from Atlanta, Georgia. Both the zipper pouch and main compartment of the travel bag contained marijuana residue. The department seized the currency under a seizure warrant issued pursuant to A.R.S. §§ 13–3413(A)(1) and 13–4310(A).[1]

Pursuant to A.R.S. § 13–4309,[2] the state served appellant with a Notice of Pending

---

**1.** A.R.S. § 13–3405(A) prohibits the possession of marijuana. A.R.S. § 13–3413(A)(1) provides that money and other specified items of personal property used or intended for use in violation of Chapter 34 are subject to seizure and forfeiture under A.R.S. § 13–4301 *et seq.* A.R.S. § 13–4310(A) authorizes the superior court to issue warrants for the seizure of property subject to forfeiture.

**2.** A.R.S. § 13–4309 provides in part:

If a forfeiture is authorized by law, the attorney for the state may make uncontested civil forfeiture available to owners of and interest holders in personal property in the following manner:
1. If the attorney for the state in his discretion makes uncontested forfeiture available, he shall provide notice of pending forfeiture by giving notice within thirty days after seizure for forfeiture as provided in § 13–4307

Forfeiture Making Uncontested Forfeiture Available. In response, appellant's counsel filed with the state's attorney a Petition for Remission or Mitigation of Forfeiture.

The state's counsel responded with a letter to appellant's counsel stating that the petition failed to comply with A.R.S. § 13–4311(E)[3] in several respects. Appellant's counsel did not respond to this letter. On April 11, 1989, the state commenced the instant *in rem* action by filing an Application for Order and Judgment for Forfeiture. The state's application appended a copy of appellant's petition for remission or mitigation of forfeiture. The state took the position that appellant's petition did not comply with the requirements for claims in A.R.S. § 13–4311 as required by A.R.S. § 13–4309(2), and that the state was therefore entitled to proceed under A.R.S. § 13–4309(4) as if no petitions or claims had been filed. The state could then apply directly to the court for an order of forfeiture and allocation of forfeited property pursuant to A.R.S. §§ 13–4314 and 13–4315. The state mailed a copy of its application to appellant's counsel.

Appellant filed nothing in response to the state's application. On April 26, 1989, the superior court entered a forfeiture order as requested by the state. On May 20, 1989, as the order expressly directed, ten percent of the currency was deposited into the Maricopa County general fund for transfer to the Maricopa County Attorney's anti-racketeering revolving fund, and the remaining ninety percent was turned over to the Special Investigations Bureau of the Phoenix Police Department.

On May 25, 1989, appellant made his first appearance in the action by filing a notice of appeal from the order and judgment of forfeiture.[4] Later, on June 1, 1989, appellant filed a motion for order fixing amount of supersedeas bond. The state filed a response opposing the motion. By minute entry of August 17, 1989, the trial court denied the motion, stating in part:

> It is undisputed that the currency in question has been deposited into the City's general fund; this Court on April 25, 1989, signed an Order and Judgment of Forfeiture.

> Counsel for Plaintiff failed to file a timely request for a Stay of Execution pursuant to Rule 7(a), Superior Court Rules of Appellate Procedure–Civil [sic]. Once the property in question has been released from this Court's control, the Court is powerless to act further with regard to the property because this Court lacks personal jurisdiction to order the City to return it or not transfer it. *U.S. v. 66 Pieces of Jade,* 760 F.2d 970, 973 (9th Cir.1985); *U.S. v. Currency,* 735 F.2d 326 (9th Cir.1984); *U.S. v. Currency,* 722 F.2d 1457 (9th Cir.1984).

to all persons known to have an interest who have not previously received the notice.

2. An owner of or interest holder in the property may elect to file either a claim with the court within thirty days after the notice or a petition for remission or mitigation of forfeiture with the attorney for the state within thirty days after the notice and not after a complaint has been filed, but may not file both. The claim or petition shall comply with the requirements for claims in § 13–4311, subsections E and F.

3. A.R.S. § 13–4311(E) provides:

The claim shall be signed by the claimant under penalty of perjury and shall set forth all of the following:

1. The caption of the proceeding as set forth on the notice of pending forfeiture and the name of the claimant.

2. The address at which he will accept future mailings from the court or attorney for the state.

3. The nature and extent of the claimant's interest in the property.

4. The time, transferor and circumstances of the claimant's acquisition of the interest in the property.

5. The specific provisions of this chapter relied on in asserting that it is not subject to forfeiture.

6. All facts supporting each such assertion.

7. Any additional facts supporting the claimant's claims.

8. The precise relief sought.

4. A non-party whose substantial pecuniary interest is directly and immediately affected by the judgment and whose interest appears in the record is "aggrieved" by the judgment and has standing to appeal it. *Abril v. Harris,* 157 Ariz. 78, 754 P.2d 1353 (App.1987) (interpreting Rule 1, Arizona Rules of Civil Appellate Procedure).

## IN REM JURISDICTION

■ The action out of which this appeal arises was an *in rem* forfeiture proceeding pursuant to A.R.S. § 13–4311. As Division Two of this court has recognized, the basic prerequisite to a court's exercise of *in rem* jurisdiction in a forfeiture proceeding is the court's actual or constructive possession of the property to be forfeited. *In the Matter of 1976 Porsche Auto.*, 141 Ariz. 421, 687 P.2d 946 (App.1984). The Ninth Circuit and other federal circuits are in accord with this principle. The Ninth Circuit has stated:

It is axiomatic that *in rem* jurisdiction exists in an action only where the subject matter of the action, or an appropriate sub-substitute thereof, is within the jurisdiction of the court in which the action lies.... Thus, where a vessel is the target of an in rem action in admiralty, it must both be within the territorial jurisdiction of the court hearing the cause and subject to the order of the court through process of arrest.

*American Bank of Wage Claims v. Registry of Dist. Court of Guam*, 431 F.2d 1215, 1218 (9th Cir.1970). It is settled in the federal courts that where the claimant fails to timely file an appeal and move for a permanent stay, release or removal of the *res* from the control of the court ends the court's *in rem* jurisdiction. *United States v. One Lear Jet Aircraft, Ser. No. 35A–280*, 836 F.2d 1571 (11th Cir.1988) (en banc), *cert. denied* 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881; *United States v. $2,490.00 in U.S. Currency*, 825 F.2d 1419 (9th Cir.1987); *United States v. $79,000 in U.S. Currency*, 801 F.2d 738 (5th Cir.1986); *United States v. 66 Pieces of Jade*, 760 F.2d 970 (9th Cir.1985); *United States v. $57,480.05 U.S. Currency*, 722 F.2d 1457 (9th Cir.1984).

■ The only exception to this general rule is when the *res* is released accidentally, fraudulently or improperly. *The Rio Grande*, 90 U.S. (23 Wall.) 458, 23 L.Ed. 158 (1874); *$2,490.00 in U.S. Currency*, 825 F.2d at 1420; *$79,000 in U.S. Currency*, 801 F.2d at 739. In *The Rio Grande*, a vessel was seized by the United States Marshal on materialmen's libels. The United States District Court determined that the libellants' claims did not give rise to maritime liens, and dismissed the libels. Immediately thereafter, the court granted the libellants an appeal and fixed supersedeas bonds, which were posted and approved. In the meantime, the vessel's mortgagees nevertheless managed to obtain an order releasing possession of the vessel to them, and sold it. Their purchasers later claimed that the release order had destroyed the circuit court's appellate jurisdiction in the materialmen's appeal. The United States Supreme Court disagreed, stating:

The appeal was taken and allowed before any order of discharge was granted, and the bonds required to make the appeal a stay of proceedings were given within the time required by the statute.

. . . .

We hold the rule to be that a valid seizure and actual control of the *res* by the marshal gives jurisdiction of the subjectmatter, and that an accidental or fraudulent or improper removal of it from his custody, or a delivery to the party upon security, does not destroy jurisdiction.

90 U.S. (23 Wall.) at 463, 465.

Where the *res* in a forfeiture action is released pursuant to a forfeiture judgment that has not been stayed or superseded on appeal, however, the federal courts deem *The Rio Grande* exception inapplicable and conclude that the appellate court lacks jurisdiction to examine the propriety of release of the *res*.

In *United States v. $79,000 in U.S. Currency*, 801 F.2d 738 (5th Cir.1986), the holder of a bank account in El Paso imported a large sum in cash over the Mexican border without reporting it to United States Customs. The United States filed an action to forfeit the monies on deposit. Certain holders of dishonored checks on the account filed claims in the forfeiture action. The claims were denied and a judgment of forfeiture was entered. The claimants failed to seek to stay or supersede the judgment. Three weeks after the judg-

ment was entered, the government paid the money over to the United States Customs Service. The claimants eventually filed a timely notice of appeal and ordered transcripts. The Government moved to dismiss the appeal for lack of jurisdiction. The Fifth Circuit granted the motion. The court observed that under the applicable federal rules the judgment was automatically stayed for ten days after the entry of judgment. It stated:

> The monies were released to Customs after the 10 days elapsed. There is no requirement that the claimants receive notice of release of the *res* after judgment. The government merely acted in its own favor by quickly initiating action to surrender the monies; its actions do not rise to the level of fraud or impropriety contemplated by the *Rio Grande* exception.

801 F.2d at 740. *Accord United States v. One Lear Jet Aircraft, Ser. No. 35A–280*, 836 F.2d 1571 (11th Cir.1988) (en banc), *cert. denied* 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (removal of aircraft from court's control under forfeiture judgment not stayed or superseded destroyed appellate court's *in rem* jurisdiction and was not "improper" within *Rio Grande*, even where claimant contended government's purpose was to destroy *in rem* jurisdiction).

There is room to question, however, whether this court should hold, as the federal courts have held, that release of the *res* pursuant to an unstayed and unsuperseded judgment ends jurisdiction to inquire under *Rio Grande* whether the release was accidental, fraudulent, or improper. As the Fifth Circuit noted in the case discussed above, the Federal Rules provide for an automatic 10–day stay after judgment is entered. *See United States v. $79,000*, 801 F.2d at 740. Where federal courts have declared themselves divested of *in rem* jurisdiction after the disposal of forfeited property, they have consistently done so after the claimant failed to appeal or move for a permanent stay within the 10–day period. *See, e.g., United States v. One Lear Jet*, 836 F.2d at 1574, n. 2 ("ten days after the district court issued its decree, the government was entitled to do what it

wished with the jet."); *United States v. $2,490.00*, 825 F.2d at 1420–21 (claimant failed to obtain stay or post supersedeas within 10–day stay provided by Rule 62(a)); *United States v. $79,000*, 801 F.2d at 740 (claimant failed to file for supersedeas or to appeal within the automatic 10–day stay).

The Arizona Rules of Civil Procedure, unlike the Federal Rules, lack a provision for an automatic 10–day stay. *Compare* Ariz.R.Civ.P. 62(a) *with* Fed.R.Civ.P. 62(a). Conceivably, under the Arizona Rules, a prevailing party could proceed with execution of a favorable judgment immediately after judgment was entered, accomplish release of the *res*, and frustrate any subsequent effort to challenge the propriety of the release.

The New Mexico Supreme Court has undertaken in *Devlin v. New Mexico State Police Dept.*, 108 N.M. 72, 766 P.2d 916 (1988), to devise a procedural safeguard against such an abuse. The New Mexico Rules of Civil Procedure, like those of Arizona, have no provision for an automatic stay. *Compare* Fed.R.Civ.P. 62(a) *with* N.M.R.Civ.P. 1–062(D). In *Devlin*, the court considered an appeal from a forfeiture proceeding where the state executed a judgment in its favor the day after the claimant filed his notice of appeal. 108 N.M. at 73, 766 P.2d at 917. The court observed that such a "procedural scramble" by the state rendered meaningless New Mexico's 30–day time period for filing an appeal and its 60–day time period to move for a stay and supersedeas. *Id.* at 75, 766 P.2d at 919. Citing *Rio Grande*, the New Mexico Supreme Court suggested that the state's precipitous action constituted an "improper attempt" to divest the trial court of jurisdiction. *Id.* at 74, 75, 766 P.2d at 918, 919. Consequently, the court held that the prevailing party may not execute upon a judgment during the procedural time periods. *Id.*

The dissent in *Devlin* attacked the majority for creating, in effect, an automatic sixty-day stay of execution. *Id.* at 76, 766 P.2d at 920. Citing federal authority, the dissent stated:

[I]t was incumbent upon Devlin, the claimant, to timely obtain a stay of the district court's judgment to preserve jurisdiction for an appeal. *See $57,480.05 United States Currency and Other Coins*, 722 F.2d at 1458. This he failed to do. The state's action in executing on the judgment removed the subject matter of the lawsuit from the control of the district court. That action destroyed the district court's jurisdiction and ended any appellate jurisdiction. As a consequence neither this court nor the district court has the power to grant the relief that the claimant seeks.

*Id.*

We are unable to follow the lead of the New Mexico Supreme Court majority by reading an automatic stay into our Rules of Civil Procedure. This approach is foreclosed by the text of Rule 7, 17B A.R.S., Superior Court Rules of Civil Appellate Procedure, which provides that a stay is effective when the bond is filed (and other court conditions have been met) and that the bond may be filed before or after appeal is filed. Implicit in this rule is that a stay is not effective until the bond is filed.

The *Devlin* approach is therefore unavailable to us. But this does not mean that we need go so far as to say that *Rio Grande* inquiry is automatically foreclosed in Arizona by release of the *res*. A short automatic stay comparable to the federal rules would resolve the problem, and we commend such a device to the attention of the Civil Practice and Procedure Committee of the State Bar. Under our present rules, however, we are not prepared to say that a precipitous execution would divest this court of remedial jurisdiction to inquire into fraudulent or improper release of the *res*.

This case, however, presents no occasion for such inquiry. The record demonstrates that the state gave the claimant repeated notice of the proceedings and an ample opportunity to be heard. The claimant failed to use these opportunities to assert his claim. Even after the superior court entered judgment forfeiting the currency on April 26, 1989, appellant made no immediate effort to appear and seek a stay of the judgment pursuant to Rule 7(a) or (c), Arizona Rules of Civil Appellate Procedure. Close to a month later, the state disposed of the currency as permitted by the judgment. Not until thereafter, on the twenty-ninth day after the judgment was entered, did appellant appear in the action for the first time by filing a notice of appeal, and not until a week after that appearance did he file a motion for an order fixing an amount for a supersedeas bond.

Appellant acted too late. Finding no indication that the state secured release of the *res* accidentally, fraudulently, or improperly, we conclude that the execution of the judgment has deprived this court of jurisdiction. The state's motion to dismiss the appeal must be granted.

The state's motion to correct the case caption is denied. Appeal dismissed for lack of jurisdiction.

VOSS, P.J., and FIDEL, J., concur.