809 P.2d 1274

In the Matter of the FORFEITURE OF TWO THOUSAND SEVEN HUNDRED THIRTY DOLLARS AND NO CENTS ($2,730.00) IN CASH.

James C. MITCHELL, Petitioner,

v.

CITY OF FARMINGTON POLICE DEPARTMENT, Respondent.

STATE of New Mexico, ex rel. the NEW MEXICO STATE POLICE DEPARTMENT, Petitioner,

v.

ONE 1984 PONTIAC 6000, BLUE, 4-DOOR, BEARING CALIFORNIA LICENSE NO. 1JKB811, VIN: 2GKAF19XOEI239511 and $87,000.00 United States Currency, Respondent.

Nos. 19309, 19373.

Supreme Court of New Mexico.

April 10, 1991.

James C. Mitchell, pro se.

David A. Thomsen, Asst. City Atty., Farmington, for respondent in No. 19309.

Albert Roland Fugere, Deputy Counsel, Sp. Asst. Atty. Gen., Dept. of Public Safety, Santa Fe, for petitioner in No. 19373.

Roth, Van Amberg, Gross, Amarant & Rogers, Ronald J. Van Amberg, Santa Fe, for respondent in No. 19373.

OPINION

FRANCHINI, Justice.

These consolidated cases involve forfeiture proceedings initiated by state entities under NMSA 1978, Sections 30–31–34 and

30–31–35 (Repl.Pamp.1987),[1] of the Controlled Substances Act. We granted certiorari to consider an issue posed by both cases: whether execution on a forfeiture judgment divests an appellate court of jurisdiction to consider an appeal from the judgment. We hold that when a state entity initiates a forfeiture proceeding, thereby invoking the jurisdiction of the courts of New Mexico, those courts retain in personam jurisdiction until all appeals have been exhausted. In addition, we address a constitutional issue raised in *Mitchell v. City of Farmington:* whether the inability to post a supersedeas bond under SCRA 1986, 1–062(D) (Cum.Supp.1990), constitutionally may deprive an indigent claimant of the right to a stay of a forfeiture judgment. We hold that the inability to post a supersedeas bond may not operate to deny the right to a stay.

## I. FACTS

A. *Mitchell v. City of Farmington.* The City of Farmington initiated proceedings against claimant in April 1988, seeking forfeiture of $2,730.00 in cash alleged to be the fruit or instrumentality of a violation of the Controlled Substances Act. During the course of the proceedings, claimant appeared pro se and invoked his fifth amendment privilege in refusing to answer the city's interrogatories. A default judgment of forfeiture was entered against claimant on February 9, 1990. On April 30, 1990, the city executed on the judgment and transferred the cash to the city's general fund. Claimant, who was indigent, did not file a supersedeas bond to stay execution.

Claimant appealed to the court of appeals, raising both the fifth amendment issue and the validity of the execution on the judgment. The city filed a motion to dismiss the appeal on the ground that the court had lost jurisdiction over the matter when the city executed on the judgment. The court granted the motion, relying on *Devlin v. State ex rel. New Mexico State*

*Police Department,* 108 N.M. 72, 766 P.2d 916 (1988), to support its ruling that it had no jurisdiction because the res had not been released accidentally, fraudulently or improperly. *City of Farmington v. Mitchell,* No. 12,214 (Ct.App. June 26, 1990). Claimant's appeal followed.

B. *State v. One 1984 Pontiac.* The state filed a complaint seeking forfeiture of a car and currency in February 1987. That same month, counsel for claimant notified the state by letter that he represented claimant. Over the next few months, the parties attempted to negotiate a settlement. Claimant's attorney signed an acceptance of service of process, but never filed an answer or any other responsive pleading.

In September 1987, the state's attorney conveyed an offer of settlement to claimant's counsel and also informed counsel that he had been directed "to take all steps necessary to fully litigate this matter." The state applied for a default judgment on September 22, 1987, and judgment was entered on that date. Neither claimant nor his counsel was given notice of the state's application for default judgment. The state executed on the default judgment before claimant filed a motion to set aside the judgment, which was denied. It does not appear from the record before us that claimant moved to stay execution on the judgment.

Claimant appealed to the court of appeals, which reversed and remanded for an order setting aside the default judgment. Relying once again on *Devlin v. State ex rel. New Mexico State Police Department,* the court held that it had jurisdiction to hear the appeal because default judgment had been improperly entered. *State ex rel. New Mexico State Police Dep't v. One 1984 Pontiac,* 111 N.M. 85, 87, 801 P.2d 667, 669 (Ct.App.1990). The state appeals.

## II. DISCUSSION

These two cases raise a common question of law: whether an appellate court has

1. Current versions in 1989 Replacement Pamphlet.

jurisdiction to hear an appeal from a forfeiture judgment after execution on the judgment. *Mitchell v. City of Farmington* poses the additional constitutional issue of whether an indigent must post a supersedeas bond to preserve the right of appeal from a forfeiture judgment. We will address each issue in turn.

### A. Appellate Jurisdiction

■ As is evident from the court of appeals opinions, *Devlin* is the leading New Mexico case on the matter of jurisdiction over forfeiture proceedings under the Controlled Substances Act. In that opinion, we stated that a forfeiture action traditionally is classified as an in rem proceeding. In rem jurisdiction has been asserted when the court has been able to exercise control over the defendant res. Courts have commonly held that when the res has been removed from their control, they have no jurisdiction to address the merits of the appeal in a forfeiture proceeding. *Id.* 108 N.M. at 73, 766 P.2d at 917. If, however, the res has been released accidentally, fraudulently, or improperly from the control of the court, that kind of removal does not divest the court of in rem jurisdiction. *Id.* at 74, 766 P.2d at 918.

In *Devlin*, we also recognized that in personam jurisdiction may exist concurrently with in rem jurisdiction. *Id.* Our recognition of this principle was predicated upon a line of federal cases which questioned traditional notions of in rem jurisdiction. *United States v. Wingfield*, 822 F.2d 1466, 1471 (10th Cir.1987), *cert. dismissed sub nom. County of Boulder, Colorado v. United States*, 486 U.S. 1019, 108 S.Ct. 1762, 100 L.Ed.2d 222 (1988); *United States v. An Article of Drug Consisting of 4,680 Pails*, 725 F.2d 976, 982–83 (5th Cir. 1984); *Trans–Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 804 F.2d 773, 778–79 (1st Cir.1986). An action in rem is rooted in the hoary annals of admiralty law, whereby a fiction of convenience maintains that a ship or item of property is a person against whom suits can be filed and judgments

entered. *United States v. An Article of Drug*, 725 F.2d at 982–83. The fiction of a ship's personality began as a literary theme and reached the height of popularity near the turn of the century. G. Gilmore and C. Black, *The Law of Admiralty* 616 (2d ed. 1975). As noted by the United States Supreme Court, the fiction has been criticized as " 'archaic,' 'an animistic survival from remote times,' 'irrational' and 'atavistic.' " *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 23, 80 S.Ct. 1470, 1473, 4 L.Ed.2d 1540 (1959) (footnote omitted).

Rather than perpetuate an anachronistic view of in rem jurisdiction, we prefer to focus on the reality of the situation: A state entity initiated a forfeiture proceeding in a court of this state, thereby invoking the jurisdiction and assistance of the court in confiscating private property. After obtaining and executing on a judgment, the state entity now argues that the court has somehow lost jurisdiction over the matter; thus, an appellate court may not review the merits of the proceeding. We believe this result would be intolerable. " '[W]hen a legal fiction which exists solely to effectuate the adjudication of disputes is invoked for the opposite purpose, we have no hesitation in declining to employ it.' " *United States v. An Article of Drug*, 725 F.2d at 983 (quoting *Treasure Salvor, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 569 F.2d 330, 334 (5th Cir. 1978)).

■ Even if in rem jurisdiction is absent, we believe that the court retains in personam jurisdiction over the party who initiates the forfeiture proceeding. Therefore, an appellate court may consider an appeal from a forfeiture judgment. Our ruling today comports with basic principles set forth in New Mexico and United States Supreme Court case law. Forfeitures are not favored at law and statutes are to be construed strictly against forfeiture. *State v. Ozarek*, 91 N.M. 275, 573 P.2d 209 (1978) (citing *State v. Sunset Ditch Co.*, 48 N.M. 17, 145 P.2d 219 (1944)). They should be enforced only when within both the let-

ter and the spirit of the law. *United States v. One 1936 Model Ford V-8 De-Luxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249 (1939). The result urged upon us by the state would clearly violate the spirit of the law.

### B. An Indigent's Right to a Stay

█ NMSA 1978, Section 30–31–35(C) provides that the Rules of Civil Procedure for the District Courts govern forfeiture proceedings under the Controlled Substances Act. SCRA 1986, 1–062(D) provides that when an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay of execution on the judgment. The bond shall be conditioned for the satisfaction of and compliance with the judgment in full together with costs, interest and damages for delay. Claimant argues that this rule, as applied to an indigent, violates his right to due process and equal protection of the law as guaranteed by the fifth and fourteenth amendments to the United States Constitution and article II, section 18, of the New Mexico Constitution by effectively denying his right to appeal from a forfeiture judgment. Although our decision in Part II(A) of this opinion renders this particular issue moot, claimant's argument nevertheless also includes the question whether the bond requirement unconstitutionally deprived him of his right to obtain a stay of execution on the judgment because of his indigency. We hold that indigency may not deprive a claimant of the right to stay enforcement of a forfeiture judgment.

The forfeiture provisions of the Controlled Substances Act are penal in nature. *In re One Cessna Aircraft*, 90 N.M. 40, 42, 559 P.2d 417, 419 (1977). Forfeiture proceedings are quasi-criminal and are gauged by standards applicable to a criminal proceeding. *State v. Barela*, 93 N.M. 700, 701, 604 P.2d 838, 839 (Ct.App.1979). Over the years, a bedrock standard applicable to criminal proceedings has evolved in the jurisprudence of the United States Supreme Court: poverty cannot operate as a bar to appellate review.

In *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that a defendant could not be denied access to appellate courts because he was unable to afford the cost of a trial transcript:

> Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of its criminal law. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.

*Id.* at 19, 76 S.Ct. at 591 (footnote omitted).

In *Burns v. Ohio*, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959), the Court invalidated a procedure whereby cases within the jurisdiction of the Ohio Supreme Court would not be considered if an appellant could not pay the filing fee. The principle was expanded in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), where the Court ruled that counsel for an indigent must be provided on appeal from a criminal conviction. In *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the Court applied the principle in a civil setting: Due process of law prohibits a state from denying judicial access to indigents in a divorce proceeding on the basis of their inability to pay court fees and costs.

We believe that it is well within the spirit of the foregoing cases to hold that an indigent may not be deprived of the right to a stay of enforcement of a forfeiture judgment on the basis of an inability to post a supersedeas bond. We hold that an indigent defendant is entitled to a stay pending appeal and that a failure to post a supersedeas bond does not extinguish that right.

Here, the claimant was caught in a Kafkaesque quagmire: He was indigent because the city confiscated his cash, and he was unable to challenge the confiscation because he was indigent. Furthermore,

**750**

the purpose of a supersedeas bond is to secure the judgment, thereby protecting the party in whose favor judgment was entered. In a forfeiture proceeding, the state is already protected, for it possesses the defendant res. Therefore, the requirement of a supersedeas bond is unnecessary under the circumstances. An indigent claimant's failure to post a supersedeas bond does not extinguish his right to a stay pending appeal.

### III. CONCLUSION

The court of appeals ruling in *City of Farmington* is hereby reversed, and we remand to the court of appeals for consideration of the issues presented therein by appellant. We affirm the result reached by the court of appeals in *State v. One 1984 Pontiac* on the issue of appellate jurisdiction. In our opinion, the court retained in personam jurisdiction to consider the appeal.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.