946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$390,047.55 IN U.S. CURRENCY, Defendant,
and
Jesus Jose Castro-Vasquez and Luz Marlene Castro,
Claimants-Appellants.
 No. 90-16194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Oct. 17, 1991.
 
 Before GOODWIN, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Claimants Jesus Jose Castro-Vasquez and Luz Marlene Castro appeal a district court order requiring the forfeiture of $390,047.55 deposited by them into three Arizona bank accounts between 1987 and 1989. Many of these deposits were made on the same day, and each was for an amount less than $10,000. The district court held that probable cause existed to believe the claimants had intentionally structured the deposits in violation of 31 U.S.C. § 5324(3).[1] As a result of claimants' actions, the court ordered the funds forfeited pursuant to 18 U.S.C. § 981(a)(1)(A).
 
 
 3
 Following the judgment, claimants timely filed a notice of appeal with this court. No attempt was made, however, to seek a stay of judgment or to file a supersedeas bond in order to prevent execution of the order. Subsequently, on October 5, 1990, the order of forfeiture was executed by the United States Marshal's office, which immediately transferred the funds to the Department of Justice Assets Forfeiture Fund.[2] Following execution of the order, appellee moved to dismiss the appeal as moot, arguing that this court's in rem jurisdiction over the property terminated once the funds were removed from the district court's control.
 
 
 4
 We agree with the appellee that in rem jurisdiction was lost when the funds were transferred to the Assets Forfeiture Fund. Accordingly, we dismiss this appeal.
 
 DISCUSSION
 
 5
 This court's subject matter jurisdiction over an in rem action terminates once the property involved is removed from the court's control. Pennington v. Fourth National Bank, 243 U.S. 269, 272 (1917); United States v. $57,480.05 United States Currency and Other Coins, 722 F.2d 1457, 1459 (9th Cir.1984). We have consistently applied this rule to forfeiture proceedings, since by their very nature such actions are in rem. See, e.g., United States v. $2,490.00 in United States Currency, 825 F.2d 1419, 1420 (9th Cir.1987) ("Because forfeiture proceedings are in rem, the court's subject matter jurisdiction is dependent on its continuing control over the property."). Consequently, unless control over the res is preserved following an order of forfeiture, an execution of that order will terminate our subject matter jurisdiction over the property. Id. at 1420. The filing of a notice of appeal, without further action, is insufficient to protect the court's control over the res. Id.; American Bank of Wage Claims v. Registry of Dist.Ct., 431 F.2d 1215, 1218 (9th Cir.1970).
 
 
 6
 Claimants in this case timely filed a notice of appeal of the district court's judgment. However, they failed to take any further action to preserve the court's control over the contested funds. At no time did they file, or attempt to file, a stay of the judgment in order to preserve jurisdiction for appeal. As a result, the court ceased to control the funds once appellee transferred them to the Assets Forfeiture Fund. Consequently, at the moment this transfer occurred, the court's subject matter jurisdiction over the property was destroyed. $57,480.05 United States Currency and Other Coins, 722 F.2d at 1459.
 
 
 7
 Claimants correctly assert that exceptions to this general rule have been recognized where the removal of the contested property from the court's control was "accidental or fraudulent or improper." The Rio Grande, 90 U.S. (23 Wall.) 458, 465. However, these exceptions, while "frequently acknowledged in principle," are rarely, if ever, actually applied. United States v. Ten Thousand Dollars in United States Currency, 860 F.2d 1511, 1513 (9th Cir.1988). No exception applies here.
 
 
 8
 The claimants are represented by competent counsel. They made no attempt to obtain a stay of the judgment in order to preserve the court's jurisdiction. Rather, the claimants mistakenly relied on their notice of appeal to protect against execution of the district court order. As we have repeatedly held, however, the filing of such a notice of appeal, without further action, is ineffective to prevent an otherwise valid execution of a forfeiture order. $2,490.00 in United States Currency, 825 F.2d at 1420. Consequently, while the execution of the district court's order may have taken claimants by surprise, it cannot be considered accidental, fraudulent or improper.
 
 
 9
 Claimants further assert that, because the res was transferred to the Assets Forfeiture Fund and not directly to the Treasury, the court still maintains control over the funds. In support of this contention claimants point to 18 U.S.C. § 981(c), which states that "property taken or detained under this section ... shall be deemed to be in the custody of the Attorney General, the Secretary of the Treasury, or the Postal Service ... subject only to the orders and decrees of the court or the official having jurisdiction thereof."
 
 
 10
 Reliance on section 981(c) is misplaced. A careful reading of the section reveals that it only applies to the exertion of custodial authority over the res while a forfeiture action is pending. It does not allow a court to retain control over the property after the proper execution of a valid forfeiture order. Furthermore, the fact that the forfeited funds were released to an agency or account other than the Treasury is of little consequence, because, unless the recipient is itself under the control of the court, a release of property to another government agency or account extinguishes the court's control. See United States v. United States Currency in the Amount of $110,000.00, 735 F.2d 326, 327 (9th Cir.1984) (court lacked jurisdiction over property released to the Drug Enforcement Administration); United States v. 66 Pieces of Jade, 760 F.2d 970, 972 (9th Cir.1985) (court lacked jurisdiction where res was released to United States Customs Service).
 
 
 11
 Finally, the claimants argue that this court may assert in personum jurisdiction over their appeal. We disagree. When traditional in rem principles are applicable to an appeal challenging an order of forfeiture, we will not look to the jurisdictional standards established under International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. 2,490.00 in United States Currency, 825 F.2d at 1420.
 
 
 12
 We dismiss this appeal for lack of subject matter jurisdiction over the res.
 
 
 13
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 31 U.S.C. § 5324(3) prohibits the structuring of deposits in an attempt to evade the reporting requirements of 31 U.S.C. § 5313(a). This section requires any bank receiving a deposit in excess of $10,000 to file a report of the transaction
 
 
 [2]
 The Department of Justice Assets Forfeiture Fund serves as the repository for "all amounts from the forfeiture of property under any law enforced or administered by the Department of Justice...." 28 U.S.C. § 524(c)(4). Proceeds from the Fund may be utilized at the discretion of the Attorney General. 28 U.S.C. § 524(c)(1)