102 N.J. Super. 579 (1968)
246 A.2d 476
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOSEPH V. MORIARTY, DEFENDANT. FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, AND COUNTY OF HUDSON, PETITIONERS-RESPONDENTS,
v.
$168,400.97, AND FRANK S. TURBETT, JR., DISTRICT DIRECTOR OF INTERNAL REVENUE AND UNITED STATES OF AMERICA, CLAIMANTS-APPELLANTS. STATE OF NEW JERSEY, BY ARTHUR J. SILLS, ATTORNEY GENERAL OF NEW JERSEY, PLAINTIFF,
v.
FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, AND COUNTY OF HUDSON, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1968.
Decided September 16, 1968.
*580 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. David M. Satz, Jr., United States Attorney, argued the cause for claimants-appellants (Mr. Mitchell Rogovin, Assistant Attorney General, and Messrs. Lee A. Jackson, Crombie J.D. Garrett and Bennet N. Hollander, Department of Justice, attorneys; Mr. Kenneth P. Zauber, Assistant United States Attorney, of counsel).
Mr. Isadore Glauberman, Special Counsel, argued the cause for respondents (Mr. William F. Kelly, Jr., Hudson County Counsel, attorney; Mr. Sheldon A. Weiss, on the brief).
PER CURIAM.
We affirm essentially for the reasons stated by Judge Rosen in 97 N.J. Super. 458 (Law Div. 1967), deeming ourselves bound by what was said in Spagnuolo v. Bonnet, 16 N.J. 546, at page 558 et seq., and particularly page 560 (1954), as to the interpretation to be given N.J.S. 2A:152-6 to 11, inclusive. In this connection we observe that § 6321 of the Internal Revenue Code of 1954 (26 U.S.C.A., § 6321) provides that the Government's jeopardy assessment "shall be a lien * * * upon all property and rights to property, whether real or personal, belonging to such person." (Italics ours) Under Spagnuolo title to the monies in question was no longer in Moriarty at the time the jeopardy assessment was made, but was then in the County of Hudson.