143 N.J. Super. 512 (1976)
363 A.2d 928
STATE OF NEW JERSEY, PLAINTIFF,
v.
ONE (1) FORD VAN, ECONOLINE, WHITE, BEARING DELAWARE REGISTRATION C80-195 S/N - E14GHR09151 IN POSSESSION OF EDWARD H. KURTH, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 12, 1976.
*514 Mr. William C. O'Brien, Jr., Assistant Prosecutor, for plaintiff (Mr. Thomas Shusted, Camden County Prosecutor, attorney).
Mr. Edward H. Kurth, pro se.
WINGATE, J.C.C., Temporarily Assigned.
In this action for forfeiture of the Ford Van, the pivotal issue is the interpretation of the word "owner" as used in N.J.S.A. 24:21-35 b(4)(b).
Factually, the question arises by reason of the seizure of the van driven by a certain Mark Stenerson to transport a substantial quantity of marijuana into the State of New Jersey. Testimony revealed that Mark Stenerson resided with a certain Edward L. Kurth (hereinafter referred to as Kurth Junior), who arranged for Stenerson to drive the van to New Jersey with a satchel containing the marijuana to be delivered to prospective customers.
The van in question was registered and titled in the name of Edward H. Kurth, father of Kurth Junior (hereinafter referred to as Kurth Senior). It had been purchased by Kurth Senior on or about February 15, 1973 and was registered *515 in his name and residence, 2635 Longwood Drive, Wilmington, Delaware. The van was then turned over to Kurth Junior who was then a student at Duke University, Durham, North Carolina, and used by him exclusively as his vehicle. Subsequently, Kurth Junior moved to Falls Church, Virginia and retained the van as his personal vehicle. The van was seized on December 12, 1974 in New Jersey while being operated by Mark Stenerson and carrying a substantial quantity of marijuana with the knowledge and authorization of Kurth Junior. Unquestionably, the father, Kurth Senior, had no knowledge of the illicit use of the van nor did he authorize or consent to the use of the vehicle by Stenerson.
Significantly, after the seizure of the van Kurth Junior told his father that he had an opportunity to sell the vehicle at a good price and wanted to buy another car. Kurth Senior agreed and attempted to transfer title to the van to his son for this purpose. Kurth Junior in fact did purchase another vehicle and the father assumed the proceeds were used to finance the new purchase. Kurth Senior did not receive or expect any of the proceeds of the sale of the van. Unfortunately, Kurth Senior learned the true facts when he, as registered owner of the vehicle, received notice of these forfeiture proceedings. Thereupon, Kurth Senior rescinded and cancelled the attempted transfer of title of the van to his son.
Kurth Senior contests this forfeiture action primarily on the grounds that he is the title owner of the vehicle and as such he is innocent of the illicit use of the same; that in fact the vehicle was so used "without the knowledge or consent of such owner," as provided in N.J.S.A. 24:21-35 b(4) (b).
The State contends that while Kurth Senior may be the registered owner the vehicle was used by Stenerson for the transport of marijuana with the knowledge and consent of the person in charge of the vehicle; namely, Kurth Junior, who was in effect the equitable owner of it.
The court has determined as a fact that the interest of Kurth Senior in the vehicle was merely that of the registered *516 title owner and that he exercised no other rights of ownership by way of custody, use or control. Rather, all the benefits of ownership were given to Kurth Junior with the father retaining only the registered title.
N.J.S.A. 24:21-35 b(4) (b) in effect provides that no vehicle shall be forfeited "by reason of any act or omission, established by the owner thereof to have been committed or omitted without the knowledge or consent of such owner". If Kurth Senior was the owner of said vehicle at the time of the seizure, then obviously, its illegal use by Stenerson was without the express knowledge or consent of him. It is urged that N.J.S.A. 39:1-1 clearly defines "owner" to be the person who holds the legal title of a vehicle.
However, the definition in N.J.S.A. 39:1-1 is clearly limited in its purpose to the use of such words or terms as used in that subtitle. Indeed, the fact that the Legislature defined the term "owner" for the purposes of use in that act is indicative that the Legislature knew that term has definitions broader than solely holders of legal title. The true owner of an automobile may be one other than the holder of the legal title. American Hardware Mutual v. Muller & Ladd, 98 N.J. Super. 119 (Ch. Div. 1967); aff'd 103 N.J. Super. 9 (App. Div. 1968), certif. den. 53 N.J. 85 (1968); State v. Closter Village, 31 N.J. Super. 566 (Cty. Ct. 1954); aff'd 18 N.J. 179 (1955). Black's Law Dictionary (4 ed. 1968), at 1259 defines an owner as "He who has dominion of a thing, real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he pleases."
To ascertain and give meaning to the intended use of the word "owner" which the legislature had in mind when enacting N.J.S.A. 24:21-35 b(4) (b), full effect should be given, if possible, to every word of a statute. This does not mean a ridiculous result shall be reached but rather that a statute shall not be extended by tenuous interpretation beyond the fair meaning of its terms. Gabin v. Skyline Cabana Club, 54 N.J. 550 (1969); State v. Carbone, 38 N.J. 19 (1962). Where statutes impose penalties for forfeitures, *517 since they are considered as enacted for the public good and to suppress a public wrong, they need not be strictly construed in favor of a defendant, like penal laws, but rather are to be fairly and reasonably construed to carry out the intentions of the legislature. State v. Moriarty, 97 N.J. Super. 458 (Law Div. 1967), aff'd 102 N.J. Super. 579 (App. Div. 1968), aff'd 55 N.J. 31 (1969). The occasion and necessity of the law and the remedy in view are also factors to be considered. State v. Spindel, 24 N.J. 395 (1957).
N.J.S.A. 24:21-35 b(4) (b) is but a section of the New Jersey Controlled Dangerous Substance Act adopted by L. 1970, c. 226, and must to the greatest extent possible be given consideration and effect sensitive to the spirit of the legislative direction and thus we must not blindly follow the literal sense of the terms. State v. Davis, 68 N.J. 69 (1975).
To accept and apply the limited and technical definition of the word "owner" and hold it to be restricted to the registered title owner would be an open subversion of the legislative intent. The eradication of drug traffic and its promiscuous use is a matter of grave concern to society in general, and to our courts and Legislature in particular. That is the obvious, reasonable and clear intent and purpose of the New Jersey Controlled Dangerous Substance Act.
If judicial sanction were given to such a limited construction, then any person could avoid forfeiture of a vehicle by placing legal title to it in the name of another who might well be an innocent straw. Forfeiture of vehicles has long been the penalty for their use in the transport of contraband as a deterrent. Even the innocence of the owner of property subject to forfeiture has almost uniformly been rejected as a defense. Astol Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Our statute does exempt from forfeiture a vehicle used for transport without the knowledge or consent of such owner.
Where an individual purchases a vehicle, retaining the legal title to himself, but releases the custody, control, dominion and unlimited use to another person, then for the *518 purposes of N.J.S.A. 24:21-35b(4) (b), the latter will be determined to be the "true owner" of the vehicle within the meaning of the aforesaid statute. American Hardware Mutual v. Muller & Ladd, supra., United States v. One 1972 Toyota Mark II, 505 F.2d 1162 (8 Cir.1974). Courts will pierce the veil of a paper title to determine true ownership.
Where a person has unlimited custody, control, dominion and use of a vehicle, and is the "true owner" thereof, then his actual participation in the use of such vehicle for the unlawful transport of a controlled dangerous substance will be deemed to be the knowledge and consent of the owner thereof within the meaning of N.J.S.A. 24:21-35b(4) (b).
The motion for a new trial will be denied and the judgment of forfeiture will stand.