THE STATE OF OHIO, APPELLANT, *v.* SHIMITS, APPELLEE.

[Cite as State *v.* Shimits (1984), 10 Ohio St. 3d 83.]

(No. 83-201—Decided April 18, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Roger S. Kramer,* for appellant.

*Messrs. Gold, Rotatori, Schwartz & Gibbons, Mr. Gerald S. Gold* and *Mr. John Pyle,* for appellee.

KOEHLER, J. The position taken by the appellant in its second proposition of law, supported by the appellate minority, is that evidence of ownership of an automobile or other vehicle in a forfeiture proceeding under R.C. 2925.13(D) is limited by law to the "certificate of title," and that ownership could not be established in any other manner to avoid forfeiture. However, such construction is unnecessarily restrictive and would contradict the principles set forth in *State* v. *Emmons* (1978), 57 Ohio App. 2d 173 [11 O.O.3d 173], and *State* v. *Rhodes* (1982), 2 Ohio St. 3d 74.

Initially, we must conclude that the provisions of R.C. 4505.04 were designed to protect title as between true and fraudulent title claimants and to create an instrument evidencing title to and ownership of motor vehicles. *Hughes* v. *Al Green, Inc.* (1981), 65 Ohio St. 2d 110, 115 [19 O.O.3d 307]. We do not hold that the legislature intended for said section to be construed to effectively deprive equitable owners of their interest in a vehicle where that vehicle may be forfeited to the state.

The circumstances in this cause place it among narrowly drawn case-law exceptions, along with theft and fraud, involving "equitable ownership." Though we reaffirm that concept today, and thereby reject appellant's second proposition of law, we further find that the issue raised is not necessary to the resolution of this cause.

The person to whom a "certificate of title" to the automobile in question was issued, Louis Shimits, was the operator of the vehicle during its use in the commission of a felony drug abuse offense, in violation of R.C. 2925.13(A). The vehicle was, in fact, seized by the Parma Police Department and Shimits was convicted of violating R.C. 2925.13(A). R.C. 2925.13(D), in pertinent part, provides:

"Vehicles used in violation of division (A) of this section shall be seized and forfeited to the municipal corporation * * *. *Forfeiture shall not apply to * * * innocent owners * * *.*" (Emphasis added.)

The statutory framework is clear. When a person knowingly permits a vehicle to be used for the commission of a felony drug abuse offense in violation of R.C. 2925.13(A), that vehicle "shall be" seized and forfeited upon proper motion. R.C. 2925.13(D). The seized vehicle shall not be forfeited where there is an "innocent owner" of the vehicle. Once the court determines that the vehicle is to be forfeited, R.C. 2933.41(D)[4] details the various

---

[4] R.C. 2933.41 provides, in pertinent part:

"(D)   Unclaimed and forfeited property in the custody of a law enforcement agency, shall be disposed of on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities, as follows:

"(1)   Drugs shall be destroyed, or shall be placed in the custody of the secretary of the

dispositional alternatives for the court and R.C. 2933.41(E)[5] explains exactly how any proceeds generated by the disposition of forfeited property are to be distributed. After a determination has been made that the vehicle is to be forfeited, R.C. 2933.41(D) and 2933.41(E) are absolute and there are no statutory exceptions.

The problem in this case is that the trial court made contradictory findings. First, it determined that the third-party claimants were "innocent owners" by virtue of an equitable ownership interest, and then it ordered the vehicle "forfeited" and sold. The court further ordered, under the guise of "doing equity," that the proceeds generated by the sale of the vehicle were to be split between the third-party claimants and the appellant. This was improper.

As R.C. 2925.13(D) currently stands, if an "innocent owner" exists, then forfeiture "shall not apply." This can only mean that a seized vehicle must be returned to an innocent owner. If forfeiture is ordered, then the court has implicitly determined that no innocent owners exist and the relevant municipal corporation is entitled to all of the proceeds generated by the disposition of the forfeited property. R.C. 2933.41(E). We hold that the trial court has no authority, under either R.C. 2933.41 or 2925.13, to order an "equitable distribution" of the proceeds generated by the disposition of a vehicle seized

---

treasury of the United States for disposal or use for medical or scientific purposes under applicable federal law.

"(2) Firearms and dangerous ordnance suitable for police work may be given to a law enforcement agency for that purpose. Firearms suitable for sporting use, or as museum pieces or collectors' items, may be sold at public auction pursuant to division (D)(6) of this section. Other firearms and dangerous ordnance shall be destroyed.

"(3) Obscene materials shall be destroyed [sic];

"(4) Beer, intoxicating liquor, or alcohol seized from a person who is not the holder of a permit issued under Chapters 4301. and 4303. of the Revised Code or is an offender, and forfeited to the state under section 4301.45 or 4301.53 of the Revised Code shall be sold by the department of liquor control, if the department determines that the beer, intoxicating liquor, or alcohol is fit for sale. If any tax imposed under Title XLIII of the Revised Code has not been paid in relation to the beer, intoxicating liquor, or alcohol, the proceeds of the sale shall first be used to pay the tax. All money collected under division (A)(4) of this section shall be paid into the state treasury. Any such beer, intoxicating liquor, or alcohol that the department determines to be unfit for sale shall be destroyed.

"(5) Money received by an inmate of a correctional institution from an unauthorized source or in an unauthorized manner shall be returned to the sender, if known, or deposited in the inmates' industrial and entertainment fund if the sender is not known.

"(6) Other unclaimed or forfeited property may be sold at public auction, or disposed of as the court considers proper in the circumstances."

Clearly, R.C. 2933.41(D) only relates to the method of disposing of forfeited vehicles.

[5] R.C. 2933.41 provides, in pertinent part:

"(E) The proceeds from property disposed of pursuant to this section shall be placed in the general fund of the state, the county, the township, or the municipal corporation, of which the law enforcement agency involved is an agency."

pursuant to R.C. 2925.13 once the court has declared the vehicle "forfeited."[6]

Though the trial court found the third-party claimants to be "innocent owners," it is clear that it did not believe their equitable interest was strong enough to prevent the forfeiture and sale of the seized vehicle. Accordingly, we must find that, upon ordering forfeiture, the trial court erred by not following the legislative directive of R.C. 2933.41(E) and by not ordering that all of the proceeds generated by the sale of the seized vehicle be distributed to the city of Parma.

To summarize, we hold that where a vehicle used in violation of R.C. 2925.13(A) is seized by law enforcement authorities, and a motion is made by the state to order the vehicle forfeited pursuant to either R.C. 2933.41 or 2925.13, and third parties enter the action claiming to be "innocent owners" of the vehicle, the trial court has two options: the court may find that the vehicle is "forfeited" and follow the dispositional alternatives provided in R.C. 2933.41, or the court may find the third parties to be "innocent owners" of the vehicles, in which case the forfeiture provisions "shall not apply" and the vehicle shall be returned to the innocent owners.

Further, in determining whether a third party is an innocent owner, evidence establishing an equitable ownership interest is admissible.

Accordingly, the decision of the court of appeals is reversed and this cause is remanded to the trial court so that it may order that the proceeds of the sale of the forfeited vehicle be placed in the general fund of the city of Parma.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting for J. P. CELEBREZZE, J.

---

[6] It is argued that R.C. 2933.41(D)(6) permits a trial court to make an equitable distribution of the proceeds generated by the sale of forfeited property. R.C. 2933.41(D)(6), however, details only the options available to a court in the *disposal* of forfeited property and permits a court to dispose of property as it "considers proper in the circumstances." Only R.C. 2933.41(E) speaks to the distribution of the proceeds generated by the disposal of forfeited property, and it only permits a distribution of the proceeds to the proper municipality.