823 P.2d 339

**In re the FORFEITURE OF ONE 1970 FORD PICKUP TRUCK, VIN # F10YKG80404, N.M. LICENSE # HP–7346.**

**No. 11673.**

Court of Appeals of New Mexico.

Nov. 1, 1991.

Tom Udall, Atty. Gen., Gail MacQeusten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Edward L. Hand, John F. Schaber, P.A., Deming, for defendants-appellants.

## OPINION

PICKARD, Judge.

The issue we decide in this case is the extent to which property may be forfeited when it is owned by co-owners, only one of whom participated in and was knowledgeable about the criminal wrongdoing that caused the forfeiture. Appellants, Carolina Garcia (mother) and Paul Garcia (son), appeal the trial court's order forfeiting their interests in a 1970 Ford truck. On the merits, each party adopts the extreme position that the presence of an innocent or guilty co-owner operates to require no forfeiture or a complete forfeiture, respectively. We do not agree with either extreme and hold that property may only be forfeited to the extent of the guilty co-owner's interest. The state also filed a motion to dismiss the appeal for lack of jurisdiction. We deny the motion to dismiss, we reverse the order from which the appeal was taken, and we remand for further proceedings.

## FACTS

The parties stipulated to the following facts. Mother and son are co-owners of the truck, which is registered to "Carolina B. or Paul B. Garcia." Son used the truck to transport or facilitate the transportation of approximately one-quarter ounce of marijuana for the purpose of sale. Mother did not give consent to or know about the

illegal use of the truck by her son. Mother does not hold a valid driver's license and has not held one since at least June 16, 1986. Son does have a valid driver's license, which was issued on March 7, 1988.

After a hearing, the trial court ordered the truck forfeited to the state. Mother and son appeal, arguing that their interests in the truck cannot be forfeited because one of the owners of the truck did not know about or consent to the illegal activity for which the truck was used. The state filed a verified motion to dismiss the appeal because mother and son had not sought a stay and the state had transferred title to the truck. The state therefore argued that this court lost jurisdiction to hear the appeal.

## MOTION TO DISMISS

█ Relying on *Devlin v. State ex rel. New Mexico State Police Department,* 108 N.M. 72, 766 P.2d 916 (1988), the state originally argued that, because the title had been transferred to another party, in rem jurisdiction was lost and this court has no authority to hear the appeal. However, as the state concedes, while this appeal was pending, our supreme court held that "when a state entity initiates a forfeiture proceeding, thereby invoking the jurisdiction of the courts of New Mexico, those courts retain in personam jurisdiction until all appeals have been exhausted." *In re Forfeiture of Two Thousand Seven Hundred Thirty Dollars and No Cents ($2,730.00) in Cash,* 111 N.M. 746, 747, 809 P.2d 1274, 1275 (1991). Accordingly, we proceed to the merits.

## DISCUSSION

NMSA 1978, Section 30–31–34(D) (Repl. Pamp.1989) provides that vehicles "which are used or intended for use to transport or in any manner to facilitate the transportation" of controlled substances for the purpose of sale are subject to forfeiture. However, NMSA 1978, Section 30–31–34(G)(2) (Repl.Pamp.1989) provides that "no conveyance is subject to forfeiture under this section by reason of any act or omission established for the owner to have been committed or omitted without his knowledge or consent." As we mentioned above, the parties stipulated that son transported marijuana for sale and that mother did not give consent to or know about such use of the truck by her son. Appellants argue that, because of mother's lack of knowledge or consent, Section 30–31–34(G)(2) prohibits the forfeiture of her ownership interest in the truck and that her interest extends to the whole truck. The state argues that son's knowledge of the illegal activity as a co-owner is enough to justify forfeiture of both appellants' interest in the truck. As the parties correctly recognize, this case raises an issue of first impression in New Mexico, and there is law in other jurisdictions to support each party's position.

The state suggests that those jurisdictions that protect an innocent co-owner's interest do so because their forfeiture statutes contemplate an innocent-owner exception for multiple owners of the same vehicle. *See State v. Shimits,* 10 Ohio St.3d 83, 461 N.E.2d 1278 (1984) (forfeiture statute refers to "innocent owners"); *State v. One 1984 Toyota Truck,* 69 Md.App. 235, 517 A.2d 103 (1986), *aff'd,* 311 Md. 171, 533 A.2d 659 (1987) (forfeiture exception refers to "the extent of the interest of any owner"); *State v. 1979 Pontiac Trans Am,* 98 N.J. 474, 487 A.2d 722 (1985) (innocent "lessors or lienholders" exception was extended to include innocent owners). *See also One 1973 Cadillac v. State,* 372 So.2d 103 (Fla.Dist.Ct.App.1979). In contrast, the state contends that those states which do not protect an innocent co-owner's interest do so because their statutory forfeiture exceptions only refer to "the owner" in the singular rather than using a plural term. *See State v. One Ford Van, Econoline,* 143 N.J.Super. 512, 363 A.2d 928 (1976); *People v. One 1979 Honda Auto.,* 362 N.W.2d 860 (Mich.App.1984) (forfeiture exception refers to "the owner"). Because New Mexico's innocent-owner exception also refers to "the owner," the state argues that an innocent co-owner's interest in property should not be exempted from forfeiture if the other co-owner has knowledge

of or has consented to the illegal activity. We disagree with the state's conclusion.

■ The state's argument rests on the assumption that Section 30–31–34(G)(2) refers to "owner" in the singular rather than the plural. However, it is a codified rule of statutory construction that when the legislature uses the singular number, it may be extended to the plural number unless such a construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute. NMSA 1978, § 12–2–2(B) (Repl.Pamp.1988). We do not believe that construing the term "the owner" to protect co-owners as well as sole owners is contrary to the legislature's intent or the context of the statute. The statute clearly contemplates protecting owners who did not participate in or have knowledge of the illegal uses to which their property was put. By protecting an innocent co-owner's interest in a vehicle, we believe that we are furthering the intent of the legislature consistent with the language of the statute. As the Nevada supreme court recognized when interpreting statutory language identical to New Mexico's statute, refusing to protect an innocent co-owner's interest "would ... deprive the limitation on forfeitures explicitly established by the legislature of any force and effect, since mere ownership would be sufficient to justify a forfeiture." *One 1978 Chevrolet Van v. County of Churchill,* 97 Nev. 510, 634 P.2d 1208, 1209 (1981).

The state also argues that a joint owner of an automobile can otherwise dispose of the vehicle without the other owner's knowledge or consent. The state argues that similarly one co-owner can subject the vehicle to forfeiture based solely on his own actions without regard for the knowledge or consent of the other owner. *See State v. One 1968 Buick Electra,* 301 A.2d 297 (Del.1973); *Amrani–Khaldi v. State,* 575 S.W.2d 667 (Tex.Civ.App.1978); *In re 1976 Blue Ford Pickup,* 120 Ariz. 432, 586 P.2d 993 (App.1978). However, our own supreme court has plainly stated that "[f]orfeitures are not favored at law and statutes are to be construed strictly against forfeiture." *State v. Ozarek,* 91

N.M. 275, 275, 573 P.2d 209, 209 (1978). The supreme court has also acknowledged that the "forfeiture provisions of the Controlled Substances Act are penal in nature." *Id.* at 276, 573 P.2d at 210. In contrast, at least one of the cases relied upon by the state does not view such forfeiture provisions as penal in nature. *See State v. One Ford Van, Econoline.* Moreover, many of the cases that allow the forfeiture of an innocent co-owner's interest are grounded in traditional notions that a forfeiture proceeding is an in rem proceeding based on legal fictions that an inanimate object can be guilty of a crime. *See generally* Don F. Vaccaro, Annotation, *Relief to Owner of Motor Vehicle Subject to State Forfeiture for Use in Violation of Narcotics Laws,* 50 A.L.R.3d 172, 176 (1973). Our own supreme court has rejected those traditional notions and legal fictions. *See In re Forfeiture of Two Thousand Seven Hundred Thirty Dollars and No Cents ($2,730.00) in Cash.*

■ Finally, we are not persuaded by the state's argument that protecting an innocent co-owner from forfeiture could result in drug offenders avoiding the effect of forfeiture statutes by simply placing co-ownership of a vehicle in the name of another person who may well be innocent. *See People v. Garner,* 732 P.2d 1194 (Colo. 1987) (en banc). While the state's policy argument may raise a valid concern, the same argument could be used to advocate disallowing any innocent-owner exception, since it is equally plausible that someone intent on carrying out illegal drug activities would place his vehicle in the sole ownership of an innocent third person to avoid forfeiture proceedings. In any event, the state's policy concerns must be weighed against the legislature's policy determination that innocent owners should not be penalized when their property is used for illegal purposes. And, as we acknowledged above, our forfeiture statutes must be strictly construed against forfeiture. *State v. Ozarek.* We note that the Colorado case relied upon by the state acknowledges the court's equitable powers to fashion "a decree that achieves a fair result

**100**

under the particular circumstances of [a] case." *People v. Garner*, 732 P.2d at 1197.

■ For the reasons stated above, we believe mother is correct in arguing that her interest in the truck should be exempt from forfeiture because she is an innocent owner within the meaning of Section 30–31–34(G)(2). *See One 1978 Chevrolet Van v. County of Churchill.* However, we disagree that any innocent co-ownership of mother requires the entire truck to be returned to her. Such a result would contravene the policy and express words of the legislature. We agree with the Georgia Court of Appeals, which stated:

> In our view the better reasoned approach, and the one consistent with the intention of our legislature, is a construction which allows forfeiture of the property interest of the wrongdoer and those who knew or should have known of the criminal use of the property, and provides protection to innocent owners to the extent of their property interest. Accord *In re Forfeiture of $53*, 178 Mich. App. 480, 444 N.W.2d 182 (1989).

*State v. Jackson*, 197 Ga.App. 619, 399 S.E.2d 88, 91 (1990).

CONCLUSION

We asked the parties to brief what the result should be if we rejected their respective contentions that their positions would require an all-or-nothing result one way or the other. We believe that the approach outlined in *Garner* provides a workable solution, recognizing both the right of the state to a forfeiture of son's interest and the right of mother to retain any interest she has. Therefore, we deny the motion to dismiss, and we reverse the order from which the appeal was taken. We remand to the trial court to use its equitable powers to insure that both rights are upheld in an appropriate manner. *See id.; see also State v. Jackson.* No costs are awarded.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.