## In re ONE 1986 PONTIAC FIREBIRD.

### No. 423, 1995.

Supreme Court of Delaware.

Submitted: Sept. 23, 1996.
Decided: Jan. 14, 1997.

Loren C. Meyers and Stuart E. Sklut, Deputy Attorneys General, Wilmington, for Appellant.

James Folsom, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

BERGER, Justice:

In this appeal, we consider the scope of the "innocent owner" defense to the forfeiture of an automobile used in the commission of certain drug offenses. Under the Delaware forfeiture statute, 16 Del.C. § 4784, a vehicle is not subject to forfeiture if the owner is able to establish that the vehicle was used unlawfully without the owner's knowledge or consent. We hold that this innocent owner defense applies equally to an innocent co-owner of property, to the extent of the co-owner's interest in the property. The Superior Court held that the innocent co-owner was entitled to the return of her vehicle, but it did not expressly determine the extent of the co-owner's interest. Accordingly, we remand and instruct the Superior Court to make that determination and to order an appropriate disposition of the vehicle.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 1994, Paula LaMarche ("Paula") was stopped by a police officer while driving a 1986 Pontiac Firebird. Paula identified herself as the owner of the Firebird and authorized the police officer to conduct a search. Paula was arrested after cocaine was found in the vehicle and she later pled guilty to possession with intent to distribute cocaine.

The Firebird was seized pursuant to the forfeiture provision of the Uniform Controlled Substances Act, 16 Del.C. § 4784. On May 19, 1994, Paula's daughter, Danielle LaMarche ("Danielle"), filed a petition in the Superior Court seeking the return of the vehicle. Danielle claimed that she was the owner of the automobile and that it was not subject to forfeiture because her mother had used the automobile for illegal purposes without Danielle's knowledge or consent. At trial, Paula testified that she purchased the car for her daughter after Danielle dropped out of high school and had a baby. The vehicle is titled in the name of Danielle "and/or" Paula and, for insurance purposes, Paula is listed as the owner. Paula paid the insurance premiums; she paid for repairs that Danielle could not afford; and she had her own set of keys to the car. Danielle confirmed her mother's testimony and explained that she let her mother and other family and friends use the car occasionally. Danielle knew that her mother was going to use the car to run errands on the day Paula was arrested. Danielle did not know that her mother was using the car to transport drugs and she did not know that her mother used

cocaine, although Danielle did know that Paula used marijuana.

The Superior Court found that the Firebird had been purchased as a gift for Danielle and that Danielle established her lack of knowledge or consent to the use of the vehicle by her mother for the transportation of drugs. Accordingly, the trial court granted Danielle's petition for the return of the automobile.

It was unclear from its bench ruling, whether the trial court found Danielle to be the owner or a co-owner of the vehicle. As a result, we remanded for clarification. *In re One 1986 Pontiac Firebird,* Del.Supr., No. 423, 1995, Veasey, C.J. (March 22, 1996) (ORDER). In response to the Order of Remand, the Superior Court held that Danielle is a co-owner of the vehicle and that the innocent owner defense contained in the Delaware forfeiture statute applies to co-owners.

## II. THE STATUTORY INNOCENT OWNER DEFENSE

The forfeiture section of the Delaware Uniform Controlled Substances Act provides that property used in the unlawful manufacture, distribution, possession or sale of controlled substances may be forfeited to the State. The statute contains an exception, known as the innocent owner defense: "No vehicle is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the owner's knowledge or consent." 16 *Del.C.* § 4784(a)(4)(b). The issue presented is whether this exception applies to an innocent co-owner. In analyzing the Delaware statute, we are guided by decisions of the federal courts and other states that have similar statutory provisions.

The federal courts have consistently applied the innocent owner defense of the Com-

prehensive Drug Abuse Prevention and Control Act of 1970[1] to co-owners. *See, e.g., United States v. 6109 Grubb Road,* 3d Cir., 886 F.2d 618 (1989) (holding that co-owner spouse could show innocent ownership by lack of knowledge or lack of consent); *United States v. 15603 85th Avenue,* 11th Cir., 933 F.2d 976 (1991) (recognizing that co-owner could be protected from forfeiture but particular co-owner was not "innocent"). Co-owners have been allowed to assert an analogous defense under the civil forfeiture provisions of the federal Crimes and Criminal Procedure Code.[2] *See, e.g., United States v. 874 Gartel Drive,* 9th Cir., 79 F.3d 918 (1996) (denying summary judgment against co-owner's innocent owner defense). The United States Supreme Court has not specifically addressed this issue. In the recent case of *Bennis v. Michigan,* —— U.S. ——, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996), the Court found constitutional a Michigan abatement scheme that allowed the forfeiture of a vehicle notwithstanding an innocent co-owner's interest. The forfeiture statute, however, did not include an innocent owner exception.

A majority of the state courts that have considered this issue, likewise, apply the innocent owner defense to co-owners. The Georgia Court of Appeals, for example, interpreted a statute identical to Delaware's and concluded that it protects innocent co-owners to the extent of their interest in the property. *Georgia v. Jackson,* 197 Ga.App. 619, 399 S.E.2d 88 (1990). The Georgia court, applying general principles of statutory construction, strictly construed the forfeiture statute. The court concluded that applying the statute to innocent co-owners, but only to the extent of their interest in the property, would be consistent with legislative intent:

> Although the term "owner" as used in the statute is ambiguous because it does not contemplate the forfeiture of co-owned

---

1. This statute, which closely parallels the Delaware statute, provides that no property "shall be forfeited ... to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner." 21 U.S.C. § 881(a)(4)(C); *see also* 21 U.S.C. § 881(a)(6), (7).

2. The statute provides:

   No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of *any act or omission* established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder. 18 U.S.C. § 981(a)(2).

conveyances, it is logical to construe that the legislature intended that term to apply to owners to the extent of their interest in property subject to forfeiture. This construction would allow the State to condemn the property interests of wrongdoers, and those otherwise failing to qualify as innocent owners under the statute, while at the same time preserving the interests of innocent owners. It is also consistent with the treatment accorded by the statute in the analogous case of innocent holders of bona fide security interests in forfeited property.

*Id.* 399 S.E.2d at 90. Several jurisdictions, using a similar analysis, have reached the same conclusion. *See In re $53.00,* 178 Mich. App. 480, 444 N.W.2d 182, 187–89 (1989) (finding that "extent of interest" interpretation furthers legislative intent to protect truly innocent owners and combat illegal drugs, and harmonizes entire statute); *In re One 1970 Ford Pickup Truck,* Ct.App., 113 N.M. 97, 823 P.2d 339 (1991) (adopting *Jackson* approach); *Harris v. Lawson,* Tenn.Ct.App., No. 01A01–9306–CH–00250, 1993 WL 542893 (Dec. 30, 1993) (same); *cf. In re Forfeiture of 1985 Ford Ranger Pickup Truck,* Fla.Supr., 598 So.2d 1070 (1992) (interpreting statute providing protection to innocent co-owner spouses as applying to all co-owners, and noting that the vehicle should be disposed of in a manner that recognizes the interests of both the police and the innocent co-owner).

Some courts have taken a contrary view. More than 20 years ago, the Delaware Superior Court held that the joint owner of an automobile could not use the innocent owner defense to prevent the vehicle's forfeiture. *State v. One 1968 Buick Electra Delaware Reg. 43003,* Del.Super., 301 A.2d 297 (1973). In that case, the vehicle was titled in the name of the husband "and/or" wife. The husband had used the vehicle in connection with a drug offense, and the wife claimed to have no knowledge of the unlawful use. The Superior Court did not construe the forfeiture statute or undertake any analysis of the innocent co-owner's rights. The court simply decided that each spouse was "the owner" of the vehicle. Since the State proceeded against the husband, who had no defenses to the forfeiture, the trial court ruled that it

was immaterial that the wife might have been able to claim the innocent owner defense.

The Colorado Supreme Court refused to apply the innocent owner defense to co-owners reasoning that, if the statute were interpreted otherwise, an owner could use property illegally and defeat the forfeiture laws simply by placing title in the name of an innocent co-owner. *Colorado v. Garner,* Colo.Supr., 732 P.2d 1194, 1197 (1987). Despite its holding, the *Garner* court recognized the interest of the innocent co-owner and instructed the trial court to dispose of the forfeited property equitably:

> Although the district court had no authority to order the entire interest in the car to be vested in ... the innocent co-owner, it did retain inherent equity authority to impose conditions on any of the mandated dispositional alternatives so as to protect the ownership interest of [the innocent co-owner]. Thus the Court.... had the authority to order a sheriff's sale of the vehicle on the condition that one-half of the proceeds of the sale ... be paid to [the innocent co-owner].... *Id.* at 1198.

After considering these authorities, we conclude that the Delaware forfeiture statute should be construed to protect innocent co-owners to the extent of their interest in the forfeited property. This approach, followed by the majority of courts that have addressed this issue, is best designed to accomplish the overall purpose of deterring drug-related activity while protecting innocent property owners. We are persuaded that the analysis used in *Georgia v. Jackson, supra,* applies equally to the identical Delaware forfeiture statute and should be adopted.

In light of our conclusion that Danielle is entitled to the innocent owner defense to the extent of her interest in the vehicle, there remains a question as to the appropriate remedy. The trial court did not expressly determine the extent of Danielle's interest in the vehicle. If Danielle's interest is less than 100 percent, the trial court must devise a method of distributing the forfeited property that recognizes both Danielle's and the State's interests. The trial court could: (i) allow the State to retain the vehicle but

order the State to pay Danielle fair consideration for her interest; or (ii) order the State to return the vehicle, but require Danielle to pay the fair value of Paula's forfeited interest. *See In re Forfeiture of 1989 Isuzu Pickup Truck,* Fla.Dist.Ct.App., 612 So.2d 695, 697 (1993); Harris, 1993 WL 542893, at *5.

### III. CONCLUSION

Based on the foregoing, the decision of the Superior Court is AFFIRMED and RE-MANDED for further proceedings in accordance with this opinion.