DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Lisa Christy, appeals a judgment of the Lorain County Court of Common Pleas that ordered the forfeiture of a 1989 Chevrolet Truck titled in her name. We affirm.
On June 23, 1998, Lorain police seized a 1989 Chevrolet truck used in the alleged commission of drug offenses by Mr. Larry Carswell.[1] The Lorain County Prosecuting Attorney petitioned the court of common pleas on July 2, 1998, for forfeiture of the truck as a vehicle used in the commission of a felony pursuant to R.C. 2933.42 and R.C. 2933.43. The petition named Mr. Carswell and Ms. Christy, alleging that Mr. Carswell held title and registration of the truck at the time of the seizure, but noting that by the following day, title had been transferred to Ms. Christy. After conducting a hearing and permitting the submission of briefs by the parties, the trial court concluded that Mr. Carswell was the owner of the vehicle as of the offense and the seizure and ordered forfeiture of the vehicle to the Lorain Police Department. Ms. Christy timely appealed that order, raising three assignments of error.[2]
Ms. Christy's first assignment of error states:
 The trial court erred as a matter of law to the prejudice of the vehicle owner-appellant as to the ownership of the 1989 Chevrolet truck.
 In this assignment of error, Ms. Christy has argued that the trial court's determination that she was not the owner of the forfeited vehicle at the time of the seizure was against the manifest weight of the evidence. We disagree.
To determine whether the trial court's determination of ownership was against the manifest weight of the evidence, this court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [hearing] ordered.
 Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14, quoting State v. Shue (1994), 97 Ohio App.3d 459, 466. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
R.C. 2933.43(C) permits the prosecuting attorney with responsibility for prosecuting a felony offense to initiate a forfeiture proceeding to acquire contraband seized due to its relationship to the underlying criminal offense. In the event that the person with an ownership interest in the property pleaded guilty to or was convicted of the underlying offenses, a hearing on the petition must be held within forty-five days of the conviction. Id. The court may then order forfeiture if the petitioner demonstrates by a preponderance of the evidence that the person from whom the property was seized committed a violation of R.C. 2933.42(A). Id. That provision states, "[n]o person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband." R.C.2933.42(A). A motor vehicle used in the course of a drug-related offense falls with the broad definition of contraband provided by R.C. 2933.42(B). See State v. Casalicchio (1991), 58 Ohio St.3d 178,179; R.C. 2901.01(A)(13)(h).
R.C. 4505.04 provides that no person may acquire "any right, title, claim, or interest in [a] motor vehicle until there is issued to the person a certificate of title * * *." Similarly, no court may recognize a claim of interest in an automobile in the absence of a certificate of title or its equivalent. R.C.4505.04(B). In forfeiture proceedings, however, evidence tending to establish an "equitable ownership interest" may also be considered. State v. Shimits (1984), 10 Ohio St.3d 83, 87. An equitable interest may be evidenced by the entirety of the circumstances, including a consistent pattern of use, operation and representations of ownership to third parties, contribution to purchase price, and the intentions of the parties. See State v.Wegmiller (1993), 88 Ohio App.3d 68, 72; State v. Price (Apr. 23, 1997), Lorain App. No. 96CA006484, unreported; State v. Rebman
(Oct. 19, 1994), Lorain App. No. 94CA005857, unreported.
Officer Peter Soto testified that he checked the vehicle's registration records on June 23, 1998, the day of Mr. Carswell's arrest. At that time, he determined that Mr. Carswell held title to the truck that dated to its purchase on January 12, 1998, for approximately $7,000.00. Officer Soto recalled that Ms. Christy did not make any claim of ownership at the time of the seizure. He also stated that notification of seizure was provided to Mr. Carswell on June 24, 1998, but that "Mr. Carswell said it wasn't his vehicle and he wasn't signing the notification form, he said it wasn't his." Records from the Bureau of Motor Vehicles confirmed Officer Soto's testimony that title transferred to Ms. Christy on the day after the seizure occurred, but that no money exchanged hands as part of the transaction.
Ms. Christy, however, has maintained that Mr. Carswell's testimony establishes that she was the actual owner of the truck despite the fact that it was titled to Mr. Carswell. Mr. Carswell confirmed that he purchased the truck in January 1998, but explained that his intention was to give the vehicle to Ms. Christy. He stated that he held title to the truck at that time because Ms. Christy did not have a license, but recalled that on January 27, 1998, he executed an assignment of title. This document was not filed with the Bureau of Motor Vehicles until June 24, 1998. As an explanation for the five-month delay in transferring title, Mr. Carswell stated that he and Ms. Christy moved out of their apartment near the time that the truck was purchased in order to avoid eviction. He testified that the couple had moved frequently until he purchased a home in May 1998, and that the assignment of title had been misplaced during that period. He also stated, however, that he continued to use the truck to transport his tools and that the license plates were registered in his name.
Although Mr. Carswell's statements could properly be considered by the trial court in determining whether Ms. Christy was the actual owner of the car, his testimony does not render this the exceptional case in which the weight of the evidence warrants a new hearing. Ms. Christy's first assignment of error is overruled.
Ms. Christy's remaining assignments of error state:
 The trial court erred in holding that [Ms. Christy] was not an "innocent owner" pursuant to Ohio Revised Code Section 2933.43(C).
 The trial court erred in applying Ohio Revised Code Section 2933.42(A) and Section 2933.43 as an unfair taking of property against an "innocent owner."
 In her remaining assignments of error, Ms. Christy has argued that the trial court incorrectly determined that she was not the innocent owner of the truck, as defined by R.C. 2933.43(C). She has maintained that this erroneous conclusion led to an unconstitutional taking of her property.
Property is not subject to forfeiture if the owner establishes by a preponderance of the evidence, "that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime * * *." (Emphasis added.) R.C. 2933.43(C). The plain language of this statute provides a defense to forfeiture once ownership has been established. As noted supra, there was no error in the trial court's conclusion that the vehicle at issue was owned by Mr. Carswell rather than Ms. Christy. Because Ms. Christy was not the owner of the truck, it follows that the "innocent owner" defense is inapplicable in this case. Accordingly, her second and third assignments of error are without merit.
Ms. Christy's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ WILLIAM R. BAIRD
FOR THE COURT CARR, J.
BATCHELDER, J. CONCUR
[1] After entering a guilty plea on September 4, 1998, Mr. Carswell was convicted of one charge of possession of cocaine in violation of R.C. 2925.11(A) and one charge of driving with a suspended license in violation of R.C. 4507.02(B)(1).
[2] The trial court found Mr. Carswell in default for failure to answer the petition. He did not pursue an appeal.