JOURNAL ENTRY and OPINION
{¶ 1} Jose A. Rivera ("Rivera"), appeals the forfeiture of a 2003 Chevrolet Avalanche in his son's criminal case.[1] Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2003, Rivera's son, Jose L. Rivera ("Jose L."), was charged with drug possession, drug trafficking, and possession of criminal tools, to wit: a 2003 Chevrolet Avalanche (the "vehicle"). The State filed a petition for forfeiture of the vehicle.
 {¶ 3} In March 2004, Jose L. pled guilty to an amended indictment of drug possession. As part of his plea, he agreed to voluntarily forfeit the vehicle, although his father was the titled owner. A forfeiture hearing was subsequently held because Rivera asserted an ownership interest in the vehicle. Although he never made any claim for return of the vehicle, Rivera maintained that it was validly gifted to him by Jose L. in October 2003.
 {¶ 4} After considering all the evidence, the trial court found that Jose L. was the true equitable owner of the vehicle and ordered it forfeited to the State.
 {¶ 5} Rivera appeals the court's decision, raising three assignments of error.
 Notification {¶ 6} In his first assignment of error, Rivera argues that he was denied due process when the court ordered his vehicle forfeited because he was not afforded documentary due process and statutory notification. He claims that the police were permitted to hold the vehicle for only 72 hours before they were required to file a "petition" and hold a hearing. He also maintains that no "petition" for forfeiture was filed against him, he was not served with the petition for forfeiture, and he was not personally served with notice of the forfeiture proceedings.
 {¶ 7} R.C. 2933.43 governs the procedure for seizure and forfeiture of contraband. R.C. 2933.43(A)(1) orders the seizure of suspected "contraband" used in connection with certain felony offenses. Under some circumstances, an owner may request return of the seized property within 72 hours, unless the property is deemed contraband. R.C. 2933.43(B)(2). R.C. 2901.01(A)(13) defines contraband as "property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it * * *." See Thomas v. City of Cleveland (2000), 140 Ohio App.3d 136,746 N.E.2d 1130 (a vehicle used in the commission of a drug offense is classified as contraband).
 {¶ 8} Here, Rivera was notified that the police had seized the vehicle; however, there is no evidence in the record indicating that Rivera requested return of the vehicle. Nevertheless, because the vehicle was part of a felony drug investigation, it was deemed contraband, and thus the 72-hour deadline was not applicable. Therefore, we find that no due process violation occurred when police retained the vehicle beyond 72 hours.
 {¶ 9} Rivera also claims that a petition for forfeiture was not filed against him, and thus the court did not have jurisdiction over him. We disagree. R.C. 2933.43(C) requires that the prosecuting attorney file a petition for forfeiture of the seized contraband. Contrary to Rivera's argument, the statute does not require that the petition be filed against the titled owner of the contraband. Instead, the statute provides only that a petition must be filed seeking an order of forfeiture of all contraband seized in the criminal case. Here, the State properly filed a petition for forfeiture of the vehicle that was seized in connection with the criminal case against Jose L.
 {¶ 10} Rivera further claims that he was denied due process because he was not served with the petition for forfeiture and he was not served personally with notice of the forfeiture proceedings. These claims are also without merit.
 {¶ 11} R.C. 2933.43 does not require that the titled owner be served with the petition for forfeiture, nor does it mandate personal service when notifying the titled owner of the forfeiture proceedings. R.C.2933.43(C) proceedings. R.C. 2933.43(C) provides that notice of the forfeiture proceedings shall be given to any person having an ownership interest in the property. Notice can be given either by personal service or certified mail at least four weeks before the forfeiture hearing. The record in the instant case demonstrates that the State timely notified Rivera by certified mail prior to the forfeiture hearing, thus satisfying the requirements of R.C. 2933.43(C).
 {¶ 12} Therefore, we find that the trial court did not violate Rivera's due process rights because he received proper statutory notice of the forfeiture proceedings.
 {¶ 13} Accordingly, Rivera's first assignment of error is overruled.
 Preponderance of the Evidence {¶ 14} In his second assignment of error, Rivera argues that he was denied due process of law when the court used a preponderance of the evidence standard in deciding this matter, instead of a clear and convincing evidence standard.
 {¶ 15} R.C. 2933.43(C) expressly provides that the standard of proof in forfeiture proceedings is a preponderance of the evidence.
"When a hearing is conducted under this section, property shall beforfeited upon a showing, by a preponderance of the evidence, by thepetitioner that the person from which the property was seized was inviolation of division (A) of section 2933.42 of the Revised Code. If thatshowing is made, the court shall issue an order of forfeiture." R.C.2933.43(C).
 {¶ 16} In State v. Casalicchio (1991), 58 Ohio St.3d 179, 569 N.E.2d N.E.2d 916, the Ohio Supreme Court held that a preponderance of the evidence is the appropriate standard in forfeiture proceedings.
 {¶ 17} Therefore, we find that the court properly utilized the preponderance of the evidence standard.
 {¶ 18} Accordingly, Rivera's second assignment of error is overruled.
 Forfeiture {¶ 19} In his third assignment of error, Rivera argues that the court erred when it ordered his vehicle forfeited.
 {¶ 20} Rivera argues that he is titled owner of the vehicle and that R.C. 4505.04, Ohio's certificate of title statute, presents conclusive proof of ownership. We disagree.
 {¶ 21} In State v. Shimits (1984), 10 Ohio St.3d 83, 85,461 N.E.2d 1278, the Ohio Supreme Court concluded that, although R.C.4505.04 was designed to protect title and create a mechanism for demonstrating title and ownership of motor vehicles, it was not intended to deprive equitable owners of their interest in a vehicle where it may be forfeited to the State. Thus, the court recognized an equitable interest in a vehicle apart from the certificate of title.
 {¶ 22} Furthermore, in State v. Wegmiller (1993), 88 Ohio App.3d 68,72, 623 N.E.2d 131, the court stated, "[I]f a third party may, in avoiding a forfeiture, demonstrate an equitable interest in an automobile not automobile not evidenced by title, we see no reason why the state cannot demonstrate the existence of such an interest which is then subject to forfeiture."
 {¶ 23} Thus, the issue before this court is whether, under the facts of this case, the court could find Jose L. to be the true owner of the vehicle.
 {¶ 24} As a reviewing court, we will not disturb the judgment of the trial court as contrary to the weight of the evidence when there is some competent, credible evidence supporting the judgment. Wegmiller, supra at 72, citing Shear v. W. Am. Ins. Co. (1984), 11 Ohio St.3d 162, 164,479-480, 464 N.E.2d 545; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 25} Here, the State presented the testimony of Officer Michael Tornabene, one of the officers who arrested Jose L. in October 2003. The officer testified that, when he apprehended Jose L., police found crack cocaine, marijuana, and drug paraphernalia inside the vehicle. He further testified that various personal items were recovered from the vehicle, including construction tools and boxing gloves. Tornabene also testified that he was present when Jose L. gave police an oral statement, in which Jose L. admitted that, on several occasions, he and his co-defendant purchased cocaine while using the vehicle. Jose L.'s statement also also indicated that he purchased the vehicle with cash and that his father drove the vehicle "maybe once a week." Jose L. also stated that the truck belonged to him but was in his father's name for insurance purposes.
 {¶ 26} The documentary evidence presented at trial corroborates the testimony and Jose L.'s statement. An August 2003 letter from the Public Employees Retirement System of Ohio indicated that Jose L. had received $63,519 from his retirement account. Jose L. purchased the vehicle on August 30 for approximately $25,000 in cash. On September 20, Jose L. was arrested for driving under suspension and for drug-related charges. Title to the vehicle was issued to Jose L. on September 24, and he then transferred title to his father on October 9.
 {¶ 27} Based on our review of the evidence, there was competent, credible evidence from which the trial court could conclude that Jose L. was the equitable owner of the vehicle. Jose L. paid cash for the vehicle and used it most of the time. When Jose L. was arrested, his personal items were found inside the vehicle. Moreover, Jose L. admitted to police that the vehicle belonged to him but was in his father's name only because the cost of insurance was lower. There was no evidence presented indicating that Rivera was the equitable owner of the vehicle.
 {¶ 28} Therefore, the trial court correctly found that Jose L. was the equitable owner of the vehicle and ordered forfeiture of the vehicle.
 {¶ 29} Accordingly, Rivera's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendants' conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J. and Kilbane, J. Concur.
[1] Defendant, Jose L. Rivera ("Jose L."), also appeals the trial court's decision; however, he has not raised any assignments of error for this court to consider.